CAMACHO CALVO LAW GROUP LLC

VINCENT C. CAMACHO
*vcamacho@icclawgroup.com*
134 W Soledad Ave Ste 401
Hagåtña, GU 96910
Tel No. 671.472.6813
Fax No. 671.477.4375

Attorneys for Defendant
GUAM ELECTION COMMISSION

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| SEDFREY M. LINSANGAN (Pro Se),<br><br>Plaintiff,<br><br>vs.<br><br>GUAM ELECTION COMMISSION<br><br>Defendant. | CIVIL CASE NO. 17-00128<br><br>**GUAM ELECTION COMMISSION'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO RULE 12(b)(1) AND RULE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES; CERTIFICATE OF SERVICE** |

COMES NOW, Defendant, Guam Election Commission, by and through its attorneys of record, Camacho Calvo Law Group, with is Motion to Dismiss the Complaint filed by Plaintiff Sedfrey M. Linsanguan (Pro Se) in the District Court of Guam on November 30, 2017. Dismissal is proper under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

DATED: Hagåtña, GU, December 21, 2017.

                                                  /s/
                                    VINCENT C. CAMACHO, Esq.
                                    Attorneys for Defendant
                                    GUAM ELECTION COMMISSION

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

Plaintiff alleges a violation of the Fourteenth Amendment to the United States Constitution and various provisions of the Bill of Rights contained within the Organic Act of Guam of 1950. Specifically, he alleges that the Guam Election Commission "GEC" violated his rights based on the following: 1) by requiring him to have running mate when running for governor in the primary election; 2) by requiring that he obtain 500 signatures on the nominating petitions; and 3) that the commission is practicing inequality by not requiring candidates running for other elected offices such as Public Auditor, Attorney General, and Consolidated Commission on Utilities to seek nominating petitions.

Plaintiff's claim is without merit. GEC requests the Court to dismiss this case under Fed. R. Civ. Pro 12(b)(1) and 12(b)(6) because Plaintiff lacks standing and the court does not have subject matter jurisdiction over these claims. Further, Plaintiff filed his Complaint against the wrong party.

II. **FACTUAL BACKGROUND**

Plaintiff filed a Complaint For Violation of Civil Right (Non-Prisoner Complaint) against the Guam Election Commission on November 30, 2017. In his Complaint, he claims a violation of the Fourteenth Amendment to the United States Constitution, various provisions of the Bill of Rights contained within the Organic Act of Guam of 1950, Section 1421b(u), Section 1421b(n), Section 1423d and Section 1421b(h). He specifically claims that Guam Election Commission is enforcing 3 G.C.A. §15404(a) which requires gubernatorial candidates to have a running mate in the primary election. He alleges that he attended a Guam Election Commission meeting in May 2017 wherein he raised his concerns and was told that he cannot run for Governor if he didn't have

a team or running mate. The Chairwoman of the Board advised him that they were just following the law and that he would have to seek assistance from the Legislature. He indicated that the events giving rise to his claim occurred in the past elections and up to the present. He is seeking relief from this court and is requesting that a Trial be set in January 2018.

## III. DISCUSSION

### A. Plaintiff's 42 U.S.C. §1983 Action Should Be Dismissed Because the Guam Election Commission Is Not A "Person" Under 42 U.S.C. §1983.

Plaintiff bases his claim against the GEC under 42 U.S.C. §1983. Section 1983 states the following:

> Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…. 42 U.S.C. §1983 (Emphasis added.)

The U.S. Supreme Court defined the term "person" and this claim should be dismissed as the GEC is not a "person" subject to suit under §1983.

In Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S.Ct. 2301 (1989), Plaintiff filed a claim against the Michigan Department of State Police and the Director of State Police. In assessing the definition of "person" under §1983, the Supreme Court held that neither a State nor its officials acting in their official capacities are "persons." Thus, the court dismissed the case against the Michigan Department of State Police. Similarly, in the present case, the claim against the GEC should also be dismissed as this governing body cannot be considered a "person" for §1983 purposes.

Plaintiff's claim for injunctive and declarative relief, if he has one at all, is to bring an official capacity lawsuit against current individual members of the commission. In a Ninth Circuit

3

Court decision, the court held that a Guam officer sued in his official capacity for prospective relief is a "person" within the meaning of §1983. Paeste v. Gov't of Guam, 798 F.3d 1228 (9th Cir. 2015) citing Guam Soc. Of Obstetricians and Gynecologists v. Ada, 962 F.2d 1366 (9th Cir. 1992).

The Court should dismiss this Complaint because Plaintiff filed his claim against an improper "person," and thus no claim can reside with the GEC.

**B.     The Court Should Dismiss Plaintiff's Claim Under Rule 12(b)(1).**

It is proper for the Court to dismiss this case under Fed. R. Civ. Pro. 12(b)(1) because Plaintiff lacks standing and the court does not have subject matter jurisdiction. The GEC addresses this below.

   **i.     Plaintiff Lacks Standing**

Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. Lewis v. Continental Bank Corp. 494 U.S. 472, 110 S.Ct. 1249 (1990). For a court to have jurisdiction, a litigant must have suffered an actual injury or be threatened with actual injury. The injury must be traceable to the defendant and likely to be redressed by a favorable decision. Id., citing Allen v. Wright, 468 U.S. 737, 750-751, 104 S.Ct. 3315, 3314 (1984). The plaintiff must demonstrate a "personal stake in the outcome to 'assure that concrete adverseness which sharpens the presentation of issues' necessary for the proper resolution of the constitutional question. Abstract injury is not enough. The plaintiff must how he 'has sustained or is immediately in danger of sustaining some direct injury' as the result of the challenged official conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" City of Los Angeles v. Lyons 461 U.S. 95, 103 S.Ct. 1660 (1983).

When addressing the issue of immediacy and actual injury, the court stated that such "some day" intentions—without any description of concrete plans, or indeed even any specification

of *when* the some day will be—do not support a finding of the "actual or imminent" injury that our cases require. Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992). The court added:

> Although "imminence" is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is "*certainly* impending," Whitmore v. Arkansas, 495 U.S. 149, 158, 110 S.Ct. 1717, 1725 (emphasis added). It has been stretched beyond the breaking point when, as here, the plaintiff alleges only an injury at some indefinite future time, and the acts necessary to make the injury happen are at least partly within the plaintiff's own control. In such circumstances we have insisted that the injury proceed with a high degree of immediacy, so as to reduce the possibility of deciding a case in which no injury would have occurred at all. *See*, *e.g.,* id*.,* at 156–160, 110 S.Ct., at 1723-1726; Los Angeles v. Lyons, 461 U.S. 95, 102–106, 103 S.Ct. 1660, 1665–1667 (1983).

Lujan, 504 U.S. at 606, fn.2. Where there is no actual harm, Plaintiff must show imminence and show that he will soon expose himself to the injury. Id.

In the present case, Plaintiff argues that the enforcement of 3 G.C.A. §15404(a), which requires that he have a running mate in the primary election, violates his Constitutional and Organic Act rights. However, nowhere in his complaint does he allege any actual injury or harm by the GEC. Plaintiff is not new to the election process on Guam as he has entered the Guam election races in prior years and is well aware of the requirements to run for elected office in Guam. Nonetheless, Plaintiff failed to allege any injury that this court can address. Plaintiff states that he "discussed the issues" that he had with the law during a Guam Election Commission meeting in May 2017, but there is no clear and unequivocal statement of his intent to run for office. Accordingly, there is no evidence of an imminent injury to trigger the federal court's jurisdiction. It is also important to note that the GEC will not issue the official election packets for the 2018 election until January 2018. Plaintiff's claim is merely hypothetical, and thus no injury could result. Prior court decisions have adopted the "actual or imminent injury" standard. In De La Fuente v. Nago, 2017 WL 1159094 (D. Haw. 2017), "the court determines whether Plaintiffs'

challenge is justiciable, as this court's 'role is neither to issue advisory opinions nor to declare rights in hypothetical cases but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution'." Upon review of his Complaint, Plaintiff failed to meet the threshold requirement of an actual or imminent injury; Plaintiff lacks standing to challenge Guam's election laws.

### ii. Plaintiff's Injury is Not Likely to Be Redressed By a Favorable Court Decision

Aside from establishing an injury that is either actual or imminent, the plaintiff must also prove that the injury is fairly traceable to the challenged conduct and that the injury is likely to be redressed by a favorable court decision. Levine v. Vilsak, 587 F.3d 986 (9th Cir. 2009). An injury is redressable if the court order can provide "substantial and meaningful relief." Parsons v. U.S. Dept. of Justice, 801 F.3d 701 (2015).

The GEC is merely carrying out and enforcing the election laws set in place by U.S. Congress and Guam's Legislature. In his complaint, he states that during the Guam Election Commission meeting in May 2017, "the Chairwoman told [him] that they are just following the law….and that [he] would have to see the Legislature." By designating the GEC as the defendant, Plaintiff asserts that the alleged violation of his rights is due to the commission's actions. However, the GEC cannot be subject to claims for carrying out its ministerial duties under the law.

The more important issue is whether the alleged injury is likely to be redressed by a favorable court decision. Assuming this case proceeds to trial and the court finds in favor of the Plaintiff, the court cannot direct the GEC to change Guam's election laws. The only branch of government with authority to carry out that task is Congress and the Guam Legislature. Plaintiff failed to name the United States and the Government of Guam as a defendant in the Complaint. Thus, any ruling by the court against the GEC will not provide Plaintiff with "substantial and

meaningful" relief.

In his complaint, Plaintiff has requested that the GEC change the election rules for Governor and Lt. Governor, that the number of nominating petitions for candidates be reduced, and that the GEC practice equality for all candidates by requiring a fair, impartial nominating petition for all candidates. None of the requested relief can be corrected or implemented by the GEC as the commission is also mandated to comply with Guam's election laws. Thus, since the injury is not capable of being redressed by the GEC, the claim should be dismissed.

### iii. The Court Lacks Subject Matter Jurisdiction

The concept of standing is an integral part of "the constitutional limitation of federal court jurisdiction to actual cases or controversies." Hagan v. United States, 2002 WL 338882, at *4 (E.D. Pa. 2002) (citing Simon v. Eastern Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976)). A motion to dismiss for want of standing implicates the court's subject matter jurisdiction and, is therefore appropriately brought under Federal Rule of Civil Procedure 12(b)(1). Id. (citing Miller v. Hygrade Food Prods. Corp., 89 F.Supp.2d 643, 646 (E.D. Pa. 2000)). "Absent Article III standing, a federal court does not have subject matter jurisdiction to address a plaintiff's claim and they must be dismissed." Common Cause of PA v. Pennsylvania, 558 F.3d 249, 257 (3rd Cir. 2009)(citing Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3rd Cir. 2006)).

Here, Plaintiff has not met his burden of establishing standing for this court to have subject matter jurisdiction. Plaintiff's complaint involves mere allegations of situations that may or may not occur in the distant future, and there is no evidence of an injury or certainty of imminent harm. Courts are not inclined to decide cases wherein there is only a possibility of an injury. Further, even if one can trace an alleged injury to the GEC, Plaintiff has also failed to meet his burden of establishing redressability of his injury. Accordingly, since there is insufficient evidence to confer

subject matter jurisdiction on the court, this case should be dismissed under Fed. R. Civ. P. 12(b)(1).

**C.      Plaintiff's Claim Should Be Dismissed Under Rule 12(b)(6)**

A party may move to dismiss an action for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In considering a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Fontana v. Alpine County, 750 F.Supp.2d 1148 (E.D. Cal. 2010). In ruling on a Rule 12(b)(6) motion, the court focuses principally on the complaint itself but may consider information subject to judicial notice, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); *see also* DeLeon v. Wells Fargo Bank, N.A., Case No. 10-CV-01390-LHK, 2011 WL 311376 (N.D. Cal.) (taking judicial notice of items in the public record, including letters from government agencies). A district court may consider facts not subject to reasonable dispute, and that is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); United States v. Bernal-Obeso, 989 F.2d 331, 333 (9th Cir. 1993).

To survive a motion to dismiss, a plaintiff needs to plead "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Dismissal is appropriate where the plaintiff fails to state a claim supportable by a cognizable legal theory. Balistreri v. Pacifica Police Department, 901 F.2d 696, 699 (9th Cir. 1990). A claim must do more than raise a "'mere possibility of misconduct.'" Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Ashcraft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009)). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." Iqbal, 556 U.S. at 1949, 129 S. Ct. at 1949.

Plaintiff claims that the GEC deprived him of his rights under 42 U.S.C. §1983. Specifically, he argues that the commission is depriving him of his Constitutional and Organic Act rights by requiring gubernatorial candidates to have a running mate in the primary election. He also claims that the number of signatures on the nominating petitions as are necessary for certification is too excessive and that the GEC is practicing inequality by not requiring candidates for all elected offices to seek nominating petitions. Despite these allegations, Plaintiff fails to state a claim upon which relief can be granted because he does not specifically explain how these election requirements deprive him of his rights.

The Equal Protection Clause prohibits only intentional discrimination. Ryan v. City of Detroit, 174 F.Supp.3d 964 (E.D. Mich. 2016). There are two ways for a plaintiff to establish a violation of the Fourteenth Amendment's Equal Protection Clause. First, a plaintiff may show that defendants acted with intent or purpose to discriminate against the plaintiff based upon membership in a protected class. Thorton v. City of St. Helens, 425 F.3d 1158 (9th Cir. 2005)(citing Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Second, a plaintiff may establish an equal protection violation by showing that he was treated differently from similarly situated individuals and that the different treatment was not rationally related to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 120 S.Ct. 1073 (2000). More generally, "[to] state an equal protection claim, a plaintiff must allege that: (1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment." Id. at 564.

Plaintiff's Complaint falls short of meeting any of the requirements for a Fourteenth Amendment claim. He does not allege that he is a member of a protected class or that he is a

member of an identifiable class. Also, there is also no evidence that he is being treated differently. If there is evidence of differential treatment, there is no showing that it is not rationally related to a legitimate state purpose.

First, let's assume, arguendo, that Plaintiff falls within an identifiable class which encompasses the group of individuals who wish to run for governor. Plaintiff's only support of his contention that there is a violation of his rights is that "[i]n California and all other states, the Governor and Lt. Governor can run separately and are voted as such. In the presidential primary election, the candidates do not need a running mate until the general election. Guam should follow that system otherwise Guam will be in violation." This bare assertion, without any hard evidence of a denial of his rights, does not pass muster as it is not evidence of discriminatory intent by the GEC for an equal protection violation. And even if Plaintiff is allowed to amend the Complaint to address this issue, he would be hard-pressed to provide a reasonable argument of an alleged discriminatory intent because, quite frankly, there is none. A court held that "purposeful discrimination is the condition that offends the Constitution, and, as such, a showing of disproportionate impact alone is not sufficient to establish a constitutional violation." Ryan v. City of Detroit, 174 F.Supp.3d 964 (E.D. Michigan, 2016). There is no evidence of purposeful discrimination in this case.

Plaintiff also claims that his rights are violated because the Guam election laws requiring five hundred (500) signatures on nominating petitions, required for candidacy certification for governor, is excessive. He points out that 250 is required for Senator, and 100 for Mayor and Vice Mayor. He then states, "This practice is excessive and a violation of the Bill of Rights. In California, gubernatorial candidates only need sixty-five (65) signatures on the nominating petitions for candidacy. California has 39.6 million in population while Guam is only 174,000."

Plaintiff is yet again providing a conclusory statement without any relevant facts or valid arguments to support his claim. His comparison of the number of nominating petitions required in California offers no basis to show disparate treatment. Simply put, there is no evidence that the GEC treated Plaintiff any different than others in Guam who also intend to run for office.

Lastly, Plaintiff seeks to promote equality and argues that the GEC should require all candidates, including candidates for the Public Auditor, Attorney General, and the Consolidated Commission on Utilities to submit nominating petitions. However, Plaintiff failed to state a reasonable basis as to how the current law, which does not require the other elected offices to file nominating petitions, violates his rights.

Plaintiff has not stated a valid and legally cognizable claim per the Fourteenth Amendment to the United States Constitution or the Organic Act, which adopted the Fourteenth Amendment, upon which relief can be granted. Thus, his claim should be dismissed.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the court grant the Motion to Dismiss based on the designation of the improper defendant per §1983, Fed. R. Civ. Pro. 12(b)(1) and 12(b)(6). Even if Plaintiff is allowed to amend his Complaint to join the proper defendant and provide evidence of standing and subject matter jurisdiction over his claim, there just is no evidence that he has a valid legal claim as he has not shown that he is a member of an identifiable class or that the GEC has purposefully and intentionally discriminated against him. Accordingly,

11
160173-000001.76009

Case 1:17-cv-00128   Document 4   Filed 12/21/17   Page 11 of 13

Plaintiff's claim should be dismissed.

DATED: Hagåtña, GU, December 21, 2017.

CAMACHO CALVO LAW GROUP LLC

/s/
VINCENT C. CAMACHO
Attorneys for Defendant
GUAM ELECTION COMMISSION

## CERTIFICATE OF SERVICE

I, VINCENT C. CAMACHO, hereby declare that on the 22nd day of December, 2017, I will cause to be served, via U.S. Postal Service and Personal Service, a true and correct copy of MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES;; CERTIFICATE OF SERVICE upon the Plaintiff (*Pro Se*):

Sedfrey M. Linsangan
P.O. Box 23128
Barrigada, Guam 96921

DATED: Hagåtña, GU, December 21, 2016.

/s/
VINCENT C. CAMACHO