CAMACHO CALVO LAW GROUP LLC

VINCENT C. CAMACHO
*vcamacho@icclawgroup.com*
134 W Soledad Ave Ste 401
Hagåtña, GU 96910
Tel No. 671.472.6813
Fax No. 671.477.4375

Attorneys for Defendant
GUAM ELECTION COMMISSION

IN THE DISTRICT COURT OF GUAM
TERRITORY OF GUAM

| | | |
|---|---|---|
| SEDFREY M. LINSANGAN | ) | CIVIL CASE NO. 17-00128 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| vs. | ) | **NOTICE TO *PRO SE* LITIGANT** |
| | ) | **WHO OPPOSES A RULE 12 MOTION** |
| GUAM ELECTION COMMISSION | ) | **SUPPORTED BY MATTERS OUTSIDE** |
| | ) | **THE PLEADINGS; CERTIFICATE OF** |
| | ) | **SERVICE** |
| Defendants(s) | ) | |

This notice is being provided to you in accordance with Civil Local Rule 12 ("CVLR 12") of the Local Rules of Practice for the District of Guam.

The defendant in this case has moved to dismiss or for judgment on the pleadings pursuant to Rule 12(b) or 12(c) of the Federal Rules of Civil Procedure, and has submitted additional written materials. This means that the defendant has asked the Court to decide this case without a trial, based on these written materials. You are warned that the Court may treat this motion as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. For this reason, THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION WITHIN TWENTY-ONE (21) DAYS FROM THE FILING OF THE MOTION by filing sworn affidavits

Civil Attachment 1
Notice to *Pro Se* Litigant Who Opposes a Rule 12 Motion
Supported by Matters Outside the Pleadings
Page 1
Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 1 of 19

as required by Rule 56(c) and/or other documents. The full text of Rules 12 and 56 of the Federal Rules of Civil Procedure and Civil Local Rules 12 and 56 are attached.

In short, Rule 56 provides that you may NOT oppose the defendant's motion simply by relying upon the allegations in your complaint. Rather, you must submit evidence, such as witness statements or documents, countering the facts asserted by the defendant and raising specific facts that support your claim. If you have proof of your claim, now is the time to submit it. Any witness statements must be in the form of affidavits. An affidavit is a sworn statement of fact based on personal knowledge stating facts that would be admissible in evidence at trial. You may submit your own affidavit and/or the affidavits of others. You may submit affidavits that were prepared specifically in response to defendant's motion.

If you do not respond to the motion on time with affidavits and/or documents contradicting the facts asserted by the defendant, the Court may accept defendant's facts as true. Your case may be dismissed and judgment may be entered in defendant's favor without a trial.

DATED: Hagåtña, GU, December 22, 2017.

CAMACHO CALVO LAW GROUP LLC

_____ /s/

VINCENT C. CAMACHO
Attorneys for Defendant
GUAM ELECTION COMMISSION

Civil Attachment 1
Notice to *Pro Se* Litigant Who Opposes a Rule 12 Motion
Supported by Matters Outside the Pleadings
Page 2
Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 2 of 19

## CERTIFICATE OF SERVICE

I, VINCENT C. CAMACHO, hereby declare that on the 22nd day of December, 2017,

I will cause to be served, via U.S. Postal Service and Personal Service, a true and correct copy

of NOTICE TO PRO SE LITIGANT WHO OPPOSES A RULE 12 MOTION;

CERTIFICATE OF SERVICE upon the Plaintiff (*Pro Se*):

Sedfrey M. Linsangan
P.O. Box 23128
Barrigada, Guam 96921


DATED: Hagåtña, GU, December 22, 2016.

/s/
_____
VINCENT C. CAMACHO

Civil Attachment 1
Notice to *Pro Se* Litigant Who Opposes a Rule 12 Motion
Supported by Matters Outside the Pleadings
Page 3
Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 3 of 19

Support Us!

Legal Information Institute  OPEN ACCESS TO LAW SINCE 1992  ⌈LII⌉

Federal Rules of Civil Procedure › TITLE III. PLEADINGS AND MOTIONS › Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses, Pretrial Hearing

## Rule 12. Defenses and Objections: When and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

(a) TIME TO SERVE A RESPONSIVE PLEADING.

(1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

(A) A defendant must serve an answer:

(i) within 21 days after being served with the summons and complaint; or

(ii) if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

(B) A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

(C) A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

(2) *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

(3) *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

(4) *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

(A) if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

(B) if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

(b) HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction;

(3) improper venue;

(4) insufficient process;

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted; and

(7) failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(c) MOTION FOR JUDGMENT ON THE PLEADINGS. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

(e) MOTION FOR A MORE DEFINITE STATEMENT. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

(f) MOTION TO STRIKE. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 4 of 19

(1) on its own; or

(2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

(g) JOINING MOTIONS.

(1) *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

(2) *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

(h) WAIVING AND PRESERVING CERTAIN DEFENSES.

(1) *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

(A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or

(B) failing to either:

(i) make it by motion under this rule; or

(ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

(2) *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

(A) in any pleading allowed or ordered under Rule 7(a);

(B) by a motion under Rule 12(c); or

(C) at trial.

(3) *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

(i) HEARING BEFORE TRIAL. If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

## NOTES

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Feb. 28, 1966, eff. July 1, 1966; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 22, 1993, eff. Dec. 1, 1993; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1937

*Note to Subdivision (a).* 1. Compare [former] Equity Rules 12 (Issue of Subpoena—Time for Answer) and 31 (Reply—When Required—When Cause at Issue); 4 Mont.Rev.Codes Ann. (1935) §§9107, 9158; N.Y.C.P.A. (1937) §263; N.Y.R.C.P. (1937) Rules 109–111.

2. U.S.C., Title 28, §763 [now 547] (Petition in action against United States; service; appearance by district attorney) provides that the United States as a defendant shall have 60 days within which to answer or otherwise defend. This and other statutes which provide 60 days for the United States or an officer or agency thereof to answer or otherwise defend are continued by this rule. Insofar as any statutes not excepted in Rule 81 provide a different time for a defendant to defend, such statutes are modified. See U.S.C., Title 28, [former] §45 (District courts; practice and procedure in certain cases under the interstate commerce laws) (30 days).

3. Compare the last sentence of [former] Equity Rule 29 (Defenses—How Presented) and N.Y.C.P.A. (1937) §283. See Rule 15(a) for time within which to plead to an amended pleading.

*Note to Subdivisions (b) and (d).* 1. See generally [former] Equity Rules 29 (Defenses—How Presented), 33 (Testing Sufficiency of Defense), 43 (Defect of Parties—Resisting Objection), and 44 (Defect of Parties—Tardy Objection); N.Y.C.P.A. (1937) §§277–280; N.Y.R.C.P. (1937) Rules 106–112; *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 25, r.r. 1–4; Clark, *Code Pleading* (1928) pp. 371–381.

2. For provisions authorizing defenses to be made in the answer or reply see *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 25, r.r. 1–4; 1 Miss.Code Ann. (1930) §§378, 379. Compare [former] Equity Rule 29 (Defenses—How Presented); U.S.C., Title 28, [former] §45 (District Courts; practice and procedure in certain cases under the interstate commerce laws). U.S.C., Title 28, [former] §45, substantially continued by this rule, provides: "No replication need be filed to the answer, and objections to the sufficiency of the petition or answer as not setting forth a cause of action or defense must be taken at the final hearing or by motion to dismiss the petition based on said grounds, which motion may be made at any time before answer is filed." Compare Calif.Code Civ.Proc. (Deering, 1937) §433; 4 Nev.Comp.Laws (Hillyer, 1929) §8600. For provisions that the defendant may demur and answer at the same time, see Calif.Code Civ.Proc. (Deering, 1937) §431; 4 Nev.Comp.Laws (Hillyer, 1929) §8598.

3. [Former] Equity Rule 29 (Defenses—How Presented) abolished demurrers and provided that defenses in point of law arising on the face of the bill should be made by motion to dismiss or in the answer, with further provision that every such point of law going to the whole or material part of the cause or causes stated might be called up and disposed of before final hearing "at the discretion of the court." Likewise many state practices have abolished the demurrer, or retain it only to attack substantial and not formal defects. See 6 Tenn.Code Ann. (Williams, 1934) §8784; Ala.Code Ann. (Michie, 1928) §9479; 2 Mass.Gen.Laws (Ter.Ed., 1932) ch. 231, §§15–18; Kansas Gen.Stat.Ann. (1935) §§60–705, 60–706.

*Note to Subdivision (c).* Compare [former] Equity Rule 33 (Testing Sufficiency of Defense); N.Y.R.C.P. (1937) Rules 111 and 112.

*Note to Subdivisions (e) and (f).* Compare [former] Equity Rules 20 (Further and Particular Statement in Pleading May Be Required) and 21 (Scandal and Impertinence); *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 19, r.r. 7, 7a, 7b, 8; 4 Mont.Rev.Codes Ann. (1935) §§9166, 9167; N.Y.C.P.A. (1937) §247; N.Y.R.C.P. (1937) Rules 103, 115, 116, 117; Wyo.Rev.Stat.Ann. (Courtright, 1931) §§89–1033, 89–

Case 1:17-cv-00128    Document 6    Filed 12/26/17    Page 5 of 19

1034.

*Note to Subdivision (g).* Compare Rules of the District Court of the United States for the District of Columbia (1937), Equity Rule 11; N.M. Rules of Pleading, Practice and Procedure, 38 N.M.Rep. vii [105–408] (1934); Wash.Gen.Rules of the Superior Courts, 1 Wash.Rev.Stat.Ann. (Remington, 1932) p. 160, Rule VI (e) and (f).

*Note to Subdivision (h).* Compare Calif.Code Civ.Proc. (Deering, 1937) §434; 2 Minn.Stat. (Mason, 1927) §9252; N.Y.C.P.A. (1937) §§278 and 279; Wash.Gen.Rules of the Superior Courts, 1 Wash.Rev.Stat.Ann. (Remington, 1932) p. 160, Rule VI (e). This rule continues U.S.C., Title 28, §80 [now 1359, 1447, 1919] (Dismissal or remand) (of action over which district court lacks jurisdiction), while U.S.C., Title 28, §399 [now 1653] (Amendments to show diverse citizenship) is continued by Rule 15.

### NOTES OF ADVISORY COMMITTEE ON RULES—1946 AMENDMENT

*Subdivision (a).* Various minor alterations in language have been made to improve the statement of the rule. All references to bills of particulars have been stricken in accordance with changes made in subdivision (e).

*Subdivision (b).* The addition of defense (7), "failure to join an indispensable party", cures an omission in the rules, which are silent as to the mode of raising such failure. See Commentary, *Manner of Raising Objection of Non-Joinder of Indispensable Party* (1940) 2 Fed.Rules Serv. 658 and (1942) 5 Fed.Rules Serv. 820. In one case, *United States v. Metropolitan Life Ins. Co.* (E.D.Pa. 1941) 36 F.Supp. 399, the failure to join an indispensable party was raised under Rule 12(c).

Rule 12(b)(6), permitting a motion to dismiss for failure of the complaint to state a claim on which relief can be granted, is substantially the same as the old demurrer for failure of a pleading to state a cause of action. Some courts have held that as the rule by its terms refers to statements in the complaint, extraneous matter on affidavits, depositions or otherwise, may not be introduced in support of the motion, or to resist it. On the other hand, in many cases the district courts have permitted the introduction of such material. When these cases have reached circuit courts of appeals in situations where the extraneous material so received shows that there is no genuine issue as to any material question of fact and that on the undisputed facts as disclosed by the affidavits or depositions, one party or the other is entitled to judgment as a matter of law, the circuit courts, properly enough, have been reluctant to dispose of the case merely on the face of the pleading, and in the interest of prompt disposition of the action have made a final disposition of it. In dealing with such situations the Second Circuit has made the sound suggestion that whatever its label or original basis, the motion may be treated as a motion for summary judgment and disposed of as such. *Samara v. United States* (C.C.A.2d, 1942) 129 F.(2d) 594, cert. den. (1942) 317 U.S. 686; *Boro Hall Corp. v. General Motors Corp.* (C.C.A.2d, 1942) 124 F.(2d) 822, cert. den. (1943) 317 U.S. 695. See also *Kithcart v. Metropolitan Life Ins. Co.* (C.C.A.8th, 1945) 150 F.(2d) 997, aff'g 62 F.Supp. 93.

It has also been suggested that this practice could be justified on the ground that the federal rules permit "speaking" motions. The Committee entertains the view that on motion under Rule 12(b)(6) to dismiss for failure of the complaint to state a good claim, the trial court should have authority to permit the introduction of extraneous matter, such as may be offered on a motion for summary judgment, and if it does not exclude such matter the motion should then be treated as a motion for summary judgment and disposed of in the manner and on the conditions stated in Rule 56 relating to summary judgments, and, of course, in such a situation, when the case reaches the circuit court of appeals, that court should treat the motion in the same way. The Committee believes that such practice, however, should be tied to the summary judgment rule. The term "speaking motion" is not mentioned in the rules, and if there is such a thing its limitations are undefined. Where extraneous matter is received, by tying further proceedings to the summary judgment rule the courts have a definite basis in the rules for disposing of the motion.

The Committee emphasizes particularly the fact that the summary judgment rule does not permit a case to be disposed of by judgment on the merits on affidavits, which disclose a conflict on a material issue of fact, and unless this practice is tied to the summary judgment rule, the extent to which a court, on the introduction of such extraneous matter, may resolve questions of fact on conflicting proof would be left uncertain.

The decisions dealing with this general situation may be generally grouped as follows: (1) cases dealing with the use of affidavits and other extraneous material on motions; (2) cases reversing judgments to prevent final determination on mere pleading allegations alone.

Under group (1) are: *Boro Hall Corp. v. General Motors Corp.* (C.C.A.2d, 1942) 124 F.(2d) 822, cert. den. (1943) 317 U.S. 695; *Gallup v. Caldwell* (C.C.A.3d, 1941) 120 F.(2d) 90; *Central Mexico Light & Power Co. v. Munch* (C.C.A.2d, 1940) 116 F.(2d) 85; *National Labor Relations Board v. Montgomery Ward & Co.* (App.D.C. 1944) 144 F.(2d) 528, cert. den. (1944) 65 S.Ct. 134; *Urquhart v. American-La France Foamite Corp.* (App.D.C. 1944) 144 F.(2d) 542; *Samara v. United States* (C.C.A.2d, 1942) 129 F.(2d) 594; *Cohen v. American Window Glass Co.* (C.C.A.2d, 1942) 126 F.(2d) 111; *Sperry Products Inc. v. Association of American Railroads* (C.C.A.2d, 1942) 132 F.(2d) 408; *Joint Council Dining Car Employees Local 370 v. Delaware, Lackawanna and Western R. Co.* (C.C.A.2d, 1946) 157 F.(2d) 417; *Weeks v. Bareco Oil Co.* (C.C.A.7th, 1941) 125 F.(2d) 84; *Carroll v. Morrison Hotel Corp.* (C.C.A.7th, 1945) 149 F.(2d) 404; *Victory v. Manning* (C.C.A.3rd, 1942) 128 F.(2d) 415; *Locals No. 1470, No. 1469, and 1512 of International Longshoremen's Association v. Southern Pacific Co.* (C.C.A.5th, 1942) 131 F.(2d) 605; *Lucking v. Delano* (C.C.A.6th, 1942) 129 F. (2d) 283; *San Francisco Lodge No. 68 of International Association of Machinists v. Forrestal* (N.D.Cal. 1944) 58 F.Supp. 466; *Benson v. Export Equipment Corp.* (N. Mex. 1945) 164 P.2d 380 (construing New Mexico rule identical with Rule 12(b)(6); *F. E. Myers & Bros. Co. v. Gould Pumps, Inc.* (W.D.N.Y. 1946) 9 Fed.Rules Serv. 12b.33, Case 2, 5 F.R.D. 132. Cf. *Kohler v. Jacobs* (C.C.A.5th, 1943) 138 F.(2d) 440; *Cohen v. United States* (C.C.A.8th, 1942) 129 F.(2d) 733.

Under group (2) are: *Sparks v. England* (C.C.A.8th, 1940) 113 F.(2d) 579; *Continental Collieries, Inc. v. Shober* (C.C.A.3d, 1942) 130 F.(2d) 631; *Downey v. Palmer* (C.C.A.2d 1940) 114 F.(2d) 116; *DeLoach v. Crowley's Inc.* (C.C.A.5th, 1942) 128 F.(2d) 378; *Leimer v. State Mutual Life Assurance Co. of Worcester, Mass.* (C.C.A.8th, 1940) 108 F.(2d) 302; *Rossiter v. Vogel* (C.C.A.2d, 1943) 134 F.(2d) 908, compare s. c. (C.C.A.2d, 1945) 148 F.(2d) 292; *Karl Kiefer Machine Co. v. United States Bottlers Machinery Co.* (C.C.A.7th, 1940) 113 F.(2d) 356; *Chicago Metallic Mfg. Co. v. Edward Katzinger Co.* (C.C.A.7th, 1941) 123 F.(2d) 518; *Louisiana Farmers' Protective Union, Inc. v. Great Atlantic & Pacific Tea Co. of America, Inc.* (C.C.A.8th, 1942) 131 F.(2d) 419; *Publicity Bldg. Realty Corp. v. Hannegan* (C.C.A.8th, 1943) 139 F.(2d) 583; *Dioguardi v. Durning* (C.C.A.2d, 1944) 139 F.(2d) 774; *Package Closure Corp. v. Sealright Co., Inc.* (C.C.A.2d, 1944) 141 F.(2d) 972; *Tahir Erk v. Glenn L. Martin Co.* (C.C.A.4th, 1941) 116 F.(2d) 865; *Bell v. Preferred Life Assurance Society of Montgomery, Ala.* (1943) 320 U.S. 238.

The addition at the end of subdivision (b) makes it clear that on a motion under Rule 12(b)(6) extraneous material may not be considered if the court excludes it, but that if the court does not exclude such material the motion shall be treated as a motion for summary judgment and disposed of as provided in Rule 56. It will also be observed that if a motion under Rule 12(b)(6) is thus converted into a summary judgment motion, the amendment insures that both parties shall be given a reasonable opportunity to submit affidavits and extraneous proofs to avoid taking a party by surprise through the conversion of the motion into a motion for summary judgment. In this manner and to this extent the amendment regularizes the practice above described. As the courts are already dealing with cases in this way, the effect of this amendment is really only to define the practice carefully and apply the requirements of the summary judgment rule in the disposition of the motion.

*Subdivision (c).* The sentence appended to subdivision (c) performs the same function and is grounded on the same reasons as the corresponding sentence added in subdivision (b).

*Subdivision (d).* The change here was made necessary because of the addition of defense (7) in subdivision (b).

*Subdivision (e).* References in this subdivision to a bill of particulars have been deleted, and the motion provided for is confined to one for a more definite statement, to be obtained only in cases where the movant cannot reasonably be required to frame an answer or other responsive pleading to the pleading in question. With respect to preparations for trial, the party is properly relegated to the various methods of examination and discovery provided in the rules for that purpose. *Slusher v. Jones* (E.D.Ky. 1943) 7 Fed.Rules Serv. 12e.231, Case 5, 3 F.R.D. 168; *Best Foods, Inc. v. General Mills, Inc.* (D.Del. 1943) 7 Fed.Rules Serv. 12e.231, Case 7, 3 F.R.D. 275; *Braden v. Callaway* (E.D.Tenn. 1943) 8 Fed.Rules Serv. 12e.231, Case 1 (". . . most courts . . . conclude that the definiteness required is only such as will be sufficient for the party to prepare responsive pleadings"). Accordingly, the reference to the 20 day time limit has also been eliminated, since the purpose of this present provision is to state a time period where the motion for a bill is made for the purpose of preparing for trial.

Rule 12(e) as originally drawn has been the subject of more judicial rulings than any other part of the rules, and has been much criticized by commentators, judges and members of the bar. See general discussion and cases cited in 1 *Moore's Federal Practice* (1938), Cum.Supplement §12.07, under "Page 657"; also, Holtzoff, *New Federal Procedure and the Courts* (1940) 35–41. And compare vote of Second Circuit Conference of Circuit and District Judges (June 1940) recommending the abolition of the bill of particulars; *Sun Valley Mfg. Co. v. Mylish* (E.D.Pa. 1944) 8 Fed.Rules Serv. 12e.231, Case 6 ("Our experience . . . has demonstrated not only that 'the office of the bill of particulars is fast becoming obsolete' . . . but that in view of the adequate discovery procedure available under the Rules, motions for bills of particulars should be abolished altogether."); *Walling v. American Steamship Co.* (W.D.N.Y. 1945) 4 F.R.D. 355, 8 Fed.Rules Serv. 12e.244, Case 8 (". . . the adoption of the rule was ill advised. It has led to confusion, duplication and delay.") The tendency of some courts freely to grant extended bills of particulars has served to neutralize any helpful benefits derived from Rule 8, and has overlooked the intended use of the rules on depositions and discovery. The words "or to prepare for trial"—eliminated by the proposed amendment—have sometimes been seized upon as grounds for compulsory statement in the opposing pleading of all the details which the movant would have to meet at the trial. On the other hand, many courts have in effect read these words out of the rule. See *Walling v. Alabama Pipe Co.* (W.D.Mo. 1942) 6 Fed.Rules Serv. 12e.244, Case 7; *Fleming v. Mason & Dixon Lines, Inc.* (E.D.Tenn. 1941) 42 F.Supp. 230; *Kellogg Co. v. National Biscuit Co.* (D.N.J. 1941) 38 F.Supp. 643; *Brown v. H. L. Green Co.* (S.D.N.Y. 1943) 7 Fed.Rules Serv. 12e.231, Case 6; *Pedersen v. Standard Accident Ins. Co.* (W.D.Mo. 1945) 8 Fed.Rules Serv. 12e.231, Case 8; *Bowles v. Ohse* (D.Neb. 1945) 4 F.R.D. 403, 9 Fed.Rules Serv. 12e.231, Case 1; *Klages v. Cohen* (E.D.N.Y. 1945) 9 Fed.Rules Serv. 8a.25, Case 4; *Bowles v. Lawrence* (D.Mass. 1945) 8 Fed.Rules Serv. 12e.231, Case 19; *McKinney Tool & Mfg. Co. v. Hoyt* (N.D.Ohio 1945) 9 Fed.Rules Serv. 12e.235, Case 1; *Bowles v. Jack* (D.Minn. 1945) 5 F.R.D. 1, 9 Fed.Rules Serv. 12e.244, Case 9. And it has been urged from the bench that the phrase be stricken. *Poole v. White* (N.D.W.Va. 1941). 5 Fed.Rules Serv. 12e.231, Case 4, 2 F.R.D. 40. See also *Bowles v. Gabel* (W.D.Mo. 1946) 9 Fed.Rules Serv. 12e.244, Case 10 ("The courts have never favored that portion of the rules which undertook to justify a motion of this kind for the purpose of aiding counsel in preparing his case for trial.").

*Subdivision (f).* This amendment affords a specific method of raising the insufficiency of a defense, a matter which has troubled some courts, although attack has been permitted in one way or another. See *Dysart v. Remington-Rand, Inc.* (D.Conn. 1939) 31 F.Supp. 296; *Eastman Kodak Co. v. McAuley* (S.D.N.Y. 1941) 4 Fed.Rules Serv. 12f.21, Case 8, 2 F.R.D. 21; *Schenley Distillers Corp. v. Renken* (E.D.S.C. 1940) 34 F.Supp. 678; *Yale Transport Corp. v. Yellow Truck & Coach Mfg. Co.* (S.D.N.Y. 1944) 3 F.R.D. 440; *United States v. Turner Milk* Co. (N.D.Ill. 1941) 4 Fed.Rules Serv. 12b.51, Case 3, 1 F.R.D. 643; *Teiger v. Stephan Oderwald, Inc.* (S.D.N.Y. 1940) 31 F.Supp. 626; *Teplitsky v. Pennsylvania R. Co.* (N.D.Ill. 1941) 38 F.Supp. 535; *Gallagher v. Carroll* (E.D.N.Y. 1939) 27 F.Supp. 568; *United States v. Palmer* (S.D.N.Y. 1939) 28 F.Supp. 936. And see *Indemnity Ins. Co. of North America v. Pan American Airways, Inc.* (S.D.N.Y. 1944) 58 F.Supp. 338; Commentary, *Modes of Attacking Insufficient Defenses in the Answer* (1939) 1 Fed.Rules Serv. 669 (1940) 2 Fed.Rules Serv. 640.

*Subdivision (g).* The change in title conforms with the companion provision in subdivision (h).

The alteration of the "except" clause requires that other than provided in subdivision (h) a party who resorts to a motion to raise defenses specified in the rule, must include in one motion all that are then available to him. Under the original rule defenses which could be raised by motion were divided into two groups which could be the subjects of two successive motions.

*Subdivision (h).* The addition of the phrase relating to indispensable parties is one of necessity.

### NOTES OF ADVISORY COMMITTEE ON RULES—1963 AMENDMENT

This amendment conforms to the amendment of Rule 4(e). See also the Advisory Committee's Note to amended Rule 4(b).

### NOTES OF ADVISORY COMMITTEE ON RULES—1966 AMENDMENT

*Subdivision (b)(7).* The terminology of this subdivision is changed to accord with the amendment of Rule 19. See the Advisory Committee's Note to Rule 19, as amended, especially the third paragraph therein before the caption "Subdivision (c)."

*Subdivision (g).* Subdivision (g) has forbidden a defendant who makes a preanswer motion under this rule from making a further motion presenting any defense or objection which was available to him at the time he made the first motion and which he could have included, but did not in fact include therein. Thus if the defendant moves before answer to dismiss the complaint for failure to state a claim, he is barred from making a further motion presenting the defense of improper venue, if that defense was available to him when he made his original motion. Amended

Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 7 of 19

subdivision (g) is to the same effect. This required consolidation of defenses and objections in a Rule 12 motion is salutary in that it works against piecemeal consideration of a case. For exceptions to the requirement of consolidation, see the last clause of subdivision (g), referring to new subdivision (h)(2).

*Subdivision (h).* The question has arisen whether an omitted defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer. Subdivision (h) called for waiver of "* * * defenses and objections which he [defendant] does not present * * * by motion * * * or, if he has made no motion, in his answer * * *." If the clause "if he has made no motion," was read literally, it seemed that the omitted defense was waived and could not be pleaded in the answer. On the other hand, the clause might be read as adding nothing of substance to the preceding words; in that event it appeared that a defense was not waived by reason of being omitted from the motion and might be set up in the answer. The decisions were divided. Favoring waiver, see *Keefe v. Derounian*, 6 F.R.D. 11 (N.D.Ill. 1946); *Elbinger v. Precision Metal Workers Corp.*, 18 F.R.D. 467 (E.D.Wis. 1956); see also *Rensing v. Turner Aviation Corp.*, 166 F.Supp. 790 (N.D.Ill. 1958); *P. Beiersdorf & Co. v. Duke Laboratories, Inc.*, 10 F.R.D. 282 (S.D.N.Y. 1950); *Neset v. Christensen*, 92 F.Supp. 78 (E.D.N.Y. 1950). Opposing waiver, see *Phillips v. Baker*, 121 F.2d 752 (9th Cir. 1941); *Crum v. Graham*, 32 F.R.D. 173 (D.Mont. 1963) (regretfully following the Phillips case); see also *Birnbaum v. Birrell*, 9 F.R.D. 72 (S.D.N.Y. 1948); *Johnson v. Joseph Schlitz Brewing Co.*, 33 F.Supp. 176 (E.D.Tenn. 1940); cf. *Carter v. American Bus Lines, Inc.*, 22 F.R.D. 323 (D.Neb. 1958).

Amended subdivision (h)(1)(A) eliminates the ambiguity and states that certain specified defenses which were available to a party when he made a preanswer motion, but which he omitted from the motion, are waived. The specified defenses are lack of jurisdiction over the person, improper venue, insufficiency of process, and insufficiency of service of process (see Rule 12(b)(2)–(5)). A party who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses he then has and thus allow the court to do a reasonably complete job. The waiver reinforces the policy of subdivision (g) forbidding successive motions.

By amended subdivision (h)(1)(B), the specified defenses, even if not waived by the operation of (A), are waived by the failure to raise them by a motion under Rule 12 or in the responsive pleading or any amendment thereof to which the party is entitled as a matter of course. The specified defenses are of such a character that they should not be delayed and brought up for the first time by means of an application to the court to amend the responsive pleading.

Since the language of the subdivisions is made clear, the party is put on fair notice of the effect of his actions and omissions and can guard himself against unintended waiver. It is to be noted that while the defenses specified in subdivision (h)(1) are subject to waiver as there provided, the more substantial defenses of failure to state a claim upon which relief can be granted, failure to join a party indispensable under Rule 19, and failure to state a legal defense to a claim (see Rule 12(b)(6), (7), (f)), as well as the defense of lack of jurisdiction over the subject matter (see Rule 12(b)(1)), are expressly preserved against waiver by amended subdivision (h)(2) and (3).

NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

NOTES OF ADVISORY COMMITTEE ON RULES—1993 AMENDMENT

Subdivision (a) is divided into paragraphs for greater clarity, and paragraph (1)(B) is added to reflect amendments to Rule 4. Consistent with Rule 4(d)(3), a defendant that timely waives service is allowed 60 days from the date the request was mailed in which to respond to the complaint, with an additional 30 days afforded if the request was sent out of the country. Service is timely waived if the waiver is returned within the time specified in the request (30 days after the request was mailed, or 60 days if mailed out of the country) and before being formally served with process. Sometimes a plaintiff may attempt to serve a defendant with process while also sending the defendant a request for waiver of service; if the defendant executes the waiver of service within the time specified and before being served with process, it should have the longer time to respond afforded by waiving service.

The date of sending the request is to be inserted by the plaintiff on the face of the request for waiver and on the waiver itself. This date is used to measure the return day for the waiver form, so that the plaintiff can know on a day certain whether formal service of process will be necessary; it is also a useful date to measure the time for answer when service is waived. The defendant who returns the waiver is given additional time for answer in order to assure that it loses nothing by waiving service of process.

COMMITTEE NOTES ON RULES—2000 AMENDMENT

Rule 12(a)(3)(B) is added to complement the addition of Rule 4(i)(2)(B). The purposes that underlie the requirement that service be made on the United States in an action that asserts individual liability of a United States officer or employee for acts occurring in connection with the performance of duties on behalf of the United States also require that the time to answer be extended to 60 days. Time is needed for the United States to determine whether to provide representation to the defendant officer or employee. If the United States provides representation, the need for an extended answer period is the same as in actions against the United States, a United States agency, or a United States officer sued in an official capacity.

An action against a former officer or employee of the United States is covered by subparagraph (3)(B) in the same way as an action against a present officer or employee. Termination of the relationship between the individual defendant and the United States does not reduce the need for additional time to answer.

*GAP Report.* No changes are recommended for Rule 12 as published.

COMMITTEE NOTES ON RULES—2007 AMENDMENT

The language of Rule 12 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 12(a)(4)(A) referred to an order that postpones disposition of a motion "until the trial on the merits." Rule 12(a)(4) now refers to postponing disposition "until trial." The new expression avoids the ambiguity that inheres in "trial on the merits," which may become confusing when there is a separate trial of a single issue or another event different from a single all-encompassing trial.

*Changes Made After Publication and Comment.* See Note to Rule 1, supra.

**COMMITTEE NOTES ON RULES—2009 AMENDMENT**

The times set in the former rule at 10 or 20 days have been revised to 14 or 21 days. See the Note to Rule 6.

# Taxonomy upgrade extras

civil procedure

| ‹ Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions | up | Rule 13. Counterclaim and Crossclaim › |
|---|---|---|

About LII

Contact us

Advertise here

Help

Terms of use

Privacy

$[\text{LII}]$

Cornell Law School

Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 9 of 19

Support Us

# Legal Information Institute $\begin{bmatrix} LII \end{bmatrix}$
OPEN ACCESS TO LAW SINCE 1992

Federal Rules of Civil Procedure › TITLE VII. JUDGMENT › Rule 56. Summary Judgment

## Rule 56. Summary Judgment

(a) MOTION FOR SUMMARY JUDGMENT OR PARTIAL SUMMARY JUDGMENT. A party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) TIME TO FILE A MOTION. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) PROCEDURES.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) WHEN FACTS ARE UNAVAILABLE TO THE NONMOVANT. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) FAILING TO PROPERLY SUPPORT OR ADDRESS A FACT. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials — including the facts considered undisputed — show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) JUDGMENT INDEPENDENT OF THE MOTION. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party;or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) FAILING TO GRANT ALL THE REQUESTED RELIEF. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case.

(h) AFFIDAVIT OR DECLARATION SUBMITTED IN BAD FAITH. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court — after notice and a reasonable time to respond — may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

(As amended Dec. 27, 1946, eff. Mar. 19, 1948; Jan. 21, 1963, eff. July 1, 1963; Mar. 2, 1987, eff. Aug. 1, 1987; Apr. 30, 2007, eff. Dec. 1, 2007; Mar. 26, 2009, eff. Dec. 1, 2009; Apr. 28, 2010, eff. Dec. 1, 2010.)

### NOTES OF ADVISORY COMMITTEE ON RULES—1937

This rule is applicable to all actions, including those against the United States or an officer or agency thereof.

Summary judgment procedure is a method for promptly disposing of actions in which there is no genuine issue as to any material fact. It has been extensively used in England for more than 50 years and has been adopted in a number of American states. New York, for example, has made great use of it. During the first nine years after its adoption there, the records of New York county alone show 5,600 applications for summary judgments.

Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 10 of 19                    1/5

*Report of the Commission on the Administration of Justice in New York State* (1934), p. 383. See also *Third Annual Report of the Judicial Council of the State of New York* (1937), p. 30.

In England it was first employed only in cases of liquidated claims, but there has been a steady enlargement of the scope of the remedy until it is now used in actions to recover land or chattels and in all other actions at law, for liquidated or unliquidated claims, except for a few designated torts and breach of promise of marriage. *English Rules Under the Judicature Act* (The Annual Practice, 1937) O. 3, r. 6; Orders 14, 14A, and 15; see also O. 32, r. 6, authorizing an application for judgment at any time upon admissions. In Michigan (3 Comp.Laws (1929) §14260) and Illinois (Ill.Rev.Stat. (1937) ch. 110, §§181, 259.15, 259.16), it is not limited to liquidated demands. New York (N.Y.R.C.P. (1937) Rule 113; see also Rule 107) has brought so many classes of actions under the operation of the rule that the Commission on Administration of Justice in New York State (1934) recommend that all restrictions be removed and that the remedy be available "in any action" (p. 287). For the history and nature of the summary judgment procedure and citations of state statutes, see Clark and Samenow, *The Summary Judgment* (1929), 38 Yale L.J. 423.

*Note to Subdivision (d).* See Rule 16 (Pre-Trial Procedure; Formulating Issues) and the *Note* thereto.

*Note to Subdivisions (e) and (f).* These are similar to rules in Michigan. Mich.Court Rules Ann. (Searl, 1933) Rule 30.

### NOTES OF ADVISORY COMMITTEE ON RULES—1946 AMENDMENT

*Subdivision (a).* The amendment allows a claimant to move for a summary judgment at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party. This will normally operate to permit an earlier motion by the claimant than under the original rule, where the phrase "at any time after the pleading in answer thereto has been served" operates to prevent a claimant from moving for summary judgment, even in a case clearly proper for its exercise, until a formal answer has been filed. Thus in *Peoples Bank v. Federal Reserve Bank of San Francisco* (N.D.Cal. 1944) 58 F.Supp. 25, the plaintiff's counter-motion for a summary judgment was stricken as premature, because the defendant had not filed an answer. Since Rule 12(a) allows at least 20 days for an answer, that time plus the 10 days required in Rule 56(c) means that under original Rule 56(a) a minimum period of 30 days necessarily has to elapse in every case before the claimant can be heard on his right to a summary judgment. An extension of time by the court or the service of preliminary motions of any kind will prolong that period even further. In many cases this merely represents unnecessary delay. See *United States v. Adler's Creamery, Inc.* (C.C.A.2d, 1939) 107 F.(2d) 987. The changes are in the interest of more expeditious litigation. The 20-day period, as provided, gives the defendant an opportunity to secure counsel and determine a course of action. But in a case where the defendant himself serves a motion for summary judgment within that time, there is no reason to restrict the plaintiff and the amended rule so provides.

*Subdivision (c).* The amendment of Rule 56(c), by the addition of the final sentence, resolves a doubt expressed in *Sartor v. Arkansas Natural Gas Corp.* (1944) 321 U.S. 620. See also Commentary, *Summary Judgment as to Damages* (1944) 7 Fed.Rules Serv. 974; *Madeirense Do Brasil S/A v. Stulman-Emrick Lumber Co.* (C.C.A.2d, 1945) 147 F.(2d) 399, cert. den. (1945) 325 U.S. 861. It makes clear that although the question of recovery depends on the amount of damages, the summary judgment rule is applicable and summary judgment may be granted in a proper case. If the case is not fully adjudicated it may be dealt with as provided in subdivision (d) of Rule 56, and the right to summary recovery determined by a preliminary order, interlocutory in character, and the precise amount of recovery left for trial.

*Subdivision (d).* Rule 54(a) defines "judgment" as including a decree and "any order from which an appeal lies." Subdivision (d) of Rule 56 indicates clearly, however, that a partial summary "judgment" is not a final judgment, and, therefore, that it is not appealable, unless in the particular case some statute allows an appeal from the interlocutory order involved. The partial summary judgment is merely a pretrial adjudication that certain issues shall be deemed established for the trial of the case. This adjudication is more nearly akin to the preliminary order under Rule 16, and likewise serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact. See *Leonard v. Socony-Vacuum Oil Co.* (C.C.A.7th, 1942) 130 F.(2d) 535; *Biggins v. Oltmer Iron Works* (C.C.A.7th, 1946) 154 F.(2d) 214; 3 *Moore's Federal Practice* (1938). 3190–3192. Since interlocutory appeals are not allowed, except where specifically provided by statute (see 3 *Moore, op. cit. supra,* 3155–3156) this interpretation is in line with that policy, *Leonard v. Socony-Vacuum Oil Co., supra.* See also *Audi Vision Inc., v. RCA Mfg. Co.* (C.C.A.2d, 1943) 136 F.(2d) 621; *Toomey v. Toomey* (App.D.C. 1945) 149 F.(2d) 19; *Biggins v. Oltmer Iron Works, supra; Catlin v. United States* (1945) 324 U.S. 229.

### NOTES OF ADVISORY COMMITTEE ON RULES—1963 AMENDMENT

*Subdivision (c).* By the amendment "answers to interrogatories" are included among the materials which may be considered on motion for summary judgment. The phrase was inadvertently omitted from the rule, see 3 Barron & Holtzoff, *Federal Practice and Procedure* 159–60 (Wright ed. 1958), and the courts have generally reached by interpretation the result which will hereafter be required by the text of the amended rule. See Annot., 74 A.L.R.2d 984 (1960).

*Subdivision (e).* The words "answers to interrogatories" are added in the third sentence of this subdivision to conform to the amendment of subdivision (c).

The last two sentences are added to overcome a line of cases, chiefly in the Third Circuit, which has impaired the utility of the summary judgment device. A typical case is as follows: A party supports his motion for summary judgment by affidavits or other evidentiary matters sufficient to show that there is no genuine issue as to a material fact. The adverse party, in opposing the motion, does not produce any evidentiary matter, or produces some but not enough to establish that there is a genuine issue for trial. Instead, the adverse party rests on averments of his pleadings which on their face present an issue. In this situation Third Circuit cases have taken the view that summary judgment must be denied, at least if the averments are "well-pleaded," and not suppositious, conclusory, or ultimate. See *Frederick Hart & Co., Inc. v. Recordgraph Corp.*, 169 F.2d 580 (3d Cir. 1948); *United States ex rel. Kolton v. Halpern*, 260 F.2d 590 (3d Cir. 1958); *United States ex rel. Nobles v. Ivey Bros. Constr. Co., Inc.*, 191 F.Supp. 383 (D.Del. 1961); *Jamison v. Pennsylvania Salt Mfg. Co.*, 22 F.R.D. 238 (W.D.Pa. 1958); *Bunny Bear, Inc. v. Dennis Mitchell Industries*, 139 F.Supp. 542 (E.D.Pa. 1956); *Levy v. Equitable Life Assur. Society*, 18 F.R.D. 164 (E.D.Pa. 1955).

The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. The Third Circuit doctrine, which permits the pleadings themselves to stand in the way of granting an otherwise justified summary judgment, is incompatible with the basic purpose of the rule. See 6 *Moore's Federal Practice* 2069 (2d ed. 1953); 3 Barron & Holtzoff, supra, §1235.1.

Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 11 of 19

It is hoped that the amendment will contribute to the more effective utilization of the salutary device of summary judgment.

The amendment is not intended to derogate from the solemnity of the pleadings. Rather it recognizes that, despite the best efforts of counsel to make his pleadings accurate, they may be overwhelmingly contradicted by the proof available to his adversary.

Nor is the amendment designed to affect the ordinary standards applicable to the summary judgment motion. So, for example: Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate. Where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented. And summary judgment may be inappropriate where the party opposing it shows under subdivision (f) that he cannot at the time present facts essential to justify his opposition.

## NOTES OF ADVISORY COMMITTEE ON RULES—1987 AMENDMENT

The amendments are technical. No substantive change is intended.

## COMMITTEE NOTES ON RULES—2007 AMENDMENT

The language of Rule 56 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.

Former Rule 56(a) and (b) referred to summary-judgment motions on or against a claim, counterclaim, or crossclaim, or to obtain a declaratory judgment. The list was incomplete. Rule 56 applies to third-party claimants, intervenors, claimants in interpleader, and others. Amended Rule 56(a) and (b) carry forward the present meaning by referring to a party claiming relief and a party against whom relief is sought.

Former Rule 56(c), (d), and (e) stated circumstances in which summary judgment "shall be rendered," the court "shall if practicable" ascertain facts existing without substantial controversy, and "if appropriate, shall" enter summary judgment. In each place "shall" is changed to "should." It is established that although there is no discretion to enter summary judgment when there is a genuine issue as to any material fact, there is discretion to deny summary judgment when it appears that there is no genuine issue as to any material fact. *Kennedy v. Silas Mason Co.*, 334 U.S. 249, 256 – 257 (1948). Many lower court decisions are gathered in 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 3d, §2728. "Should" in amended Rule 56(c) recognizes that courts will seldom exercise the discretion to deny summary judgment when there is no genuine issue as to any material fact. Similarly sparing exercise of this discretion is appropriate under Rule 56(e)(2). Rule 56(d)(1), on the other hand, reflects the more open-ended discretion to decide whether it is practicable to determine what material facts are not genuinely at issue.

Former Rule 56(d) used a variety of different phrases to express the Rule 56(c) standard for summary judgment—that there is no genuine issue as to any material fact. Amended Rule 56(d) adopts terms directly parallel to Rule 56(c).

## COMMITTEE NOTES ON RULES—2009 AMENDMENT

The timing provisions for summary judgment are outmoded. They are consolidated and substantially revised in new subdivision (c)(1). The new rule allows a party to move for summary judgment at any time, even as early as the commencement of the action. If the motion seems premature both subdivision (c)(1) and Rule 6(b) allow the court to extend the time to respond. The rule does set a presumptive deadline at 30 days after the close of all discovery.

The presumptive timing rules are default provisions that may be altered by an order in the case or by local rule. Scheduling orders are likely to supersede the rule provisions in most cases, deferring summary-judgment motions until a stated time or establishing different deadlines. Scheduling orders tailored to the needs of the specific case, perhaps adjusted as it progresses, are likely to work better than default rules. A scheduling order may be adjusted to adopt the parties' agreement on timing, or may require that discovery and motions occur in stages—including separation of expert-witness discovery from other discovery.

Local rules may prove useful when local docket conditions or practices are incompatible with the general Rule 56 timing provisions.

If a motion for summary judgment is filed before a responsive pleading is due from a party affected by the motion, the time for responding to the motion is 21 days after the responsive pleading is due.

## COMMITTEE NOTES ON RULES—2010 AMENDMENT

Rule 56 is revised to improve the procedures for presenting and deciding summary-judgment motions and to make the procedures more consistent with those already used in many courts. The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

*Subdivision (a).* Subdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word — genuine "issue" becomes genuine "dispute." "Dispute" better reflects the focus of a summary-judgment determination. As explained below, "shall" also is restored to the place it held from 1938 to 2007.

The first sentence is added to make clear at the beginning that summary judgment may be requested not only as to an entire case but also as to a claim, defense, or part of a claim or defense. The subdivision caption adopts the common phrase "partial summary judgment" to describe disposition of less than the whole action, whether or not the order grants all the relief requested by the motion.

"Shall" is restored to express the direction to grant summary judgment. The word "shall" in Rule 56 acquired significance over many decades of use. Rule 56 was amended in 2007 to replace "shall" with "should" as part of the Style Project, acting under a convention that prohibited any use of "shall." Comments on proposals to amend Rule 56, as published in 2008, have shown that neither of the choices available under the Style Project conventions — "must" or "should" — is suitable in light of the case law on whether a district court has discretion to deny summary judgment when there appears to be no genuine dispute as to any material fact. Compare *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment or that the trial court may not deny summary judgment in a case in which there is reason to believe that the better course would be to proceed to a full trial. *Kennedy v. Silas Mason Co.*, 334 U.S. 249 * * * (1948))," with *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, the plain language of Rule 56(c) mandates the entry of summary

Case 1:17-cv-00128   Document 6   Filed 12/26/17   Page 12 of 19

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."). Eliminating "shall" created an unacceptable risk of changing the summary-judgment standard. Restoring "shall" avoids the unintended consequences of any other word.

Subdivision (a) also adds a new direction that the court should state on the record the reasons for granting or denying the motion. Most courts recognize this practice. Among other advantages, a statement of reasons can facilitate an appeal or subsequent trial-court proceedings. It is particularly important to state the reasons for granting summary judgment. The form and detail of the statement of reasons are left to the court's discretion.

The statement on denying summary judgment need not address every available reason. But identification of central issues may help the parties to focus further proceedings.

*Subdivision (b)*. The timing provisions in former subdivisions (a) and (c) are superseded. Although the rule allows a motion for summary judgment to be filed at the commencement of an action, in many cases the motion will be premature until the nonmovant has had time to file a responsive pleading or other pretrial proceedings have been had. Scheduling orders or other pretrial orders can regulate timing to fit the needs of the case.

*Subdivision (c)*. Subdivision (c) is new. It establishes a common procedure for several aspects of summary-judgment motions synthesized from similar elements developed in the cases or found in many local rules.

Subdivision (c)(1) addresses the ways to support an assertion that a fact can or cannot be genuinely disputed. It does not address the form for providing the required support. Different courts and judges have adopted different forms including, for example, directions that the support be included in the motion, made part of a separate statement of facts, interpolated in the body of a brief or memorandum, or provided in a separate statement of facts included in a brief or memorandum.

Subdivision (c)(1)(A) describes the familiar record materials commonly relied upon and requires that the movant cite the particular parts of the materials that support its fact positions. Materials that are not yet in the record — including materials referred to in an affidavit or declaration — must be placed in the record. Once materials are in the record, the court may, by order in the case, direct that the materials be gathered in an appendix, a party may voluntarily submit an appendix, or the parties may submit a joint appendix. The appendix procedure also may be established by local rule. Pointing to a specific location in an appendix satisfies the citation requirement. So too it may be convenient to direct that a party assist the court in locating materials buried in a voluminous record.

Subdivision (c)(1)(B) recognizes that a party need not always point to specific record materials. One party, without citing any other materials, may respond or reply that materials cited to dispute or support a fact do not establish the absence or presence of a genuine dispute. And a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact.

Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Subdivision (c)(3) reflects judicial opinions and local rules provisions stating that the court may decide a motion for summary judgment without undertaking an independent search of the record. Nonetheless, the rule also recognizes that a court may consider record materials not called to its attention by the parties.

Subdivision (c)(4) carries forward some of the provisions of former subdivision (e)(1). Other provisions are relocated or omitted. The requirement that a sworn or certified copy of a paper referred to in an affidavit or declaration be attached to the affidavit or declaration is omitted as unnecessary given the requirement in subdivision (c)(1)(A) that a statement or dispute of fact be supported by materials in the record.

A formal affidavit is no longer required. 28 U.S.C. § 1746 allows a written unsworn declaration, certificate, verification, or statement subscribed in proper form as true under penalty of perjury to substitute for an affidavit.

*Subdivision (d)*. Subdivision (d) carries forward without substantial change the provisions of former subdivision (f).

A party who seeks relief under subdivision (d) may seek an order deferring the time to respond to the summary-judgment motion.

*Subdivision (e)*. Subdivision (e) addresses questions that arise when a party fails to support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c). As explained below, summary judgment cannot be granted by default even if there is a complete failure to respond to the motion, much less when an attempted response fails to comply with Rule 56(c) requirements. Nor should it be denied by default even if the movant completely fails to reply to a nonmovant's response. Before deciding on other possible action, subdivision (e)(1) recognizes that the court may afford an opportunity to properly support or address the fact. In many circumstances this opportunity will be the court's preferred first step.

Subdivision (e)(2) authorizes the court to consider a fact as undisputed for purposes of the motion when response or reply requirements are not satisfied. This approach reflects the "deemed admitted" provisions in many local rules. The fact is considered undisputed only for purposes of the motion; if summary judgment is denied, a party who failed to make a proper Rule 56 response or reply remains free to contest the fact in further proceedings. And the court may choose not to consider the fact as undisputed, particularly if the court knows of record materials that show grounds for genuine dispute.

Subdivision (e)(3) recognizes that the court may grant summary judgment only if the motion and supporting materials — including the facts considered undisputed under subdivision (e)(2) — show that the movant is entitled to it. Considering some facts undisputed does not of itself allow summary judgment. If there is a proper response or reply as to some facts, the court cannot grant summary judgment without determining whether

those facts can be genuinely disputed. Once the court has determined the set of facts — both those it has chosen to consider undisputed for want of a proper response or reply and any that cannot be genuinely disputed despite a procedurally proper response or reply — it must determine the legal consequences of these facts and permissible inferences from them.

Subdivision (e)(4) recognizes that still other orders may be appropriate. The choice among possible orders should be designed to encourage proper presentation of the record. Many courts take extra care with pro se litigants, advising them of the need to respond and the risk of losing by summary judgment if an adequate response is not filed. And the court may seek to reassure itself by some examination of the record before granting summary judgment against a pro se litigant.

*Subdivision (f).* Subdivision (f) brings into Rule 56 text a number of related procedures that have grown up in practice. After giving notice and a reasonable time to respond the court may grant summary judgment for the nonmoving party; grant a motion on legal or factual grounds not raised by the parties; or consider summary judgment on its own. In many cases it may prove useful first to invite a motion; the invited motion will automatically trigger the regular procedure of subdivision (c).

*Subdivision (g).* Subdivision (g) applies when the court does not grant all the relief requested by a motion for summary judgment. It becomes relevant only after the court has applied the summary-judgment standard carried forward in subdivision (a) to each claim, defense, or part of a claim or defense, identified by the motion. Once that duty is discharged, the court may decide whether to apply the summary-judgment standard to dispose of a material fact that is not genuinely in dispute. The court must take care that this determination does not interfere with a party's ability to accept a fact for purposes of the motion only. A nonmovant, for example, may feel confident that a genuine dispute as to one or a few facts will defeat the motion, and prefer to avoid the cost of detailed response to all facts stated by the movant. This position should be available without running the risk that the fact will be taken as established under subdivision (g) or otherwise found to have been accepted for other purposes.

If it is readily apparent that the court cannot grant all the relief requested by the motion, it may properly decide that the cost of determining whether some potential fact disputes may be eliminated by summary disposition is greater than the cost of resolving those disputes by other means, including trial. Even if the court believes that a fact is not genuinely in dispute it may refrain from ordering that the fact be treated as established. The court may conclude that it is better to leave open for trial facts and issues that may be better illuminated by the trial of related facts that must be tried in any event.

*Subdivision (h).* Subdivision (h) carries forward former subdivision (g) with three changes. Sanctions are made discretionary, not mandatory, reflecting the experience that courts seldom invoke the independent Rule 56 authority to impose sanctions. *See* Cecil & Cort, Federal Judicial Center Memorandum on Federal Rule of Civil Procedure 56 (g) Motions for Sanctions (April 2, 2007). In addition, the rule text is expanded to recognize the need to provide notice and a reasonable time to respond. Finally, authority to impose other appropriate sanctions also is recognized.

*Changes Made After Publication and Comment*

**Subdivision (a):** "[S]hould grant" was changed to "shall grant."

"[T]he movant shows that" was added.

Language about identifying the claim or defense was moved up from subdivision (c)(1) as published.

**Subdivision (b):** The specifications of times to respond and to reply were deleted.

Words referring to an order "in the case" were deleted.

**Subdivision (c):** The detailed "point-counterpoint" provisions published as subdivision (c)(1) and (2) were deleted.

The requirement that the court give notice before granting summary judgment on the basis of record materials not cited by the parties was deleted.

The provision that a party may accept or dispute a fact for purposes of the motion only was deleted.

**Subdivision (e):** The language was revised to reflect elimination of the point-counterpoint procedure from subdivision (c). The new language reaches failure to properly support an assertion of fact in a motion.

**Subdivision (f):** The provision requiring notice before denying summary judgment on grounds not raised by a party was deleted.

**Subdivision (h):** Recognition of the authority to impose other appropriate sanctions was added.

**Other changes:** Many style changes were made to express more clearly the intended meaning of the published proposal.

# Taxonomy upgrade extras

civil procedure

‹ Rule 55. Default; Default Judgment　　　　　　　up　　　　　　　Rule 57. Declaratory Judgment ›

About LII

Contact us

Advertise here

## CIVIL LOCAL RULES OF PRACTICE
### effective February 15, 2015

**CVLR 1      Title; Scope**

**(a)      Scope.**   These are the Civil Local Rules of Practice before the District Court of Guam. They should be cited as "CVLR ____".

**(b)      Effective Date; Transitional Provision.**   These rules govern all actions and proceedings pending on or commenced after the effective date of these rules, except for motions filed prior to the effective date which shall be governed by the prior motion practice of this Court.  Where justice requires, the Chief Judge may order that an action or proceeding pending before the Court prior to that date be governed by the prior practice of this Court.

**(c)      Scope of the Rules.**   These rules supplement the Federal Rules of Civil Procedure and shall be construed so as to be consistent with those rules and to promote the just, efficient, and economical determination of every action and proceeding.  The provisions of these Civil Local Rules shall apply to all civil actions, including  admiralty, tax, bankruptcy adversary proceedings, and actions and proceedings before the Magistrate Judge, except where they may be inconsistent with rules or provisions of law specifically applicable thereto.

**CVLR 5      Non-filing of Discovery Disclosures and Materials**

In addition to the documents listed in Fed. R. Civ. P. 5(d)(1), the following discovery documents and responses or objections thereto shall not be filed with the Court until they are used in the proceeding or the Court orders filing: (i) initial disclosures, (ii) disclosure of expert reports or testimony, (iii) notices of taking depositions, (iv) subpoenas, (v) privilege logs, and (vi) certificates of service related to discovery documents.

**CVLR 7      Motion Practice**

**(a)      Motions.**   All motions, unless made during a hearing or trial, shall be in writing, served on all parties who have appeared and shall be filed with the Court sufficiently in advance of trial to comply with the time periods set forth in this rule or other order of the Court and to avoid any delays in the trial.  The caption of each motion must contain a brief description of the motion, including citation to the section of the United States Code, other statute or rule under which the motion is brought.  The movant shall also prepare a proposed order setting forth the specific relief requested or the terms of the parties' stipulation.  Proposed orders shall be emailed to chambers@gud.uscourts.gov in a word processing format (*e.g.* Microsoft Office Word® or Corel WordPerfect®) and served on each party that has appeared in the action.

**(b)      Contents of Papers Filed.**   Each motion or response thereto shall be accompanied by a memorandum of points and authorities and, where appropriate, a separate statement of material

ground for imposition of sanctions consistent with the Federal Rules of Civil Procedure and the General Local Rules.

## CVLR 12     Notice to *Pro Se* Litigant re Rule 12 Motions

A represented party moving to dismiss or for judgment on the pleadings against a party proceeding pro se, who refers, in support of the motion, to matters outside the pleadings as described in Fed. R. Civ. P. 12(b) or 12(c), shall serve and file a separate notice using the Court's preapproved form (Civil Attachment 1) with the full text of Fed. R. Civ. P. 56 and CVLR 56 attached at the time the motion is served. If the Court rules that a motion to dismiss or for judgment on the pleadings will be treated as one for summary judgment pursuant to Fed. R. Civ. P. 56, and the movant has not previously served and filed the notice required by this rule, the movant shall amend the form notice to reflect that fact and shall serve and file the amended notice within fourteen days of the Court's ruling.

Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

## CVLR 15     Amended Pleadings

Any party moving to file an amended pleading shall reproduce the entire proposed pleading. Any party filing an amended pleading may not incorporate any part of a prior pleading by reference, except with leave of Court.

## CVLR 16-1     Pre-Trial Management and Scheduling Conference

**(a)**     **Exempt Actions.** In addition to the exempt actions set forth in Fed. R. Civ. P. 26(a)(1)(B), the following actions are exempt from compliance with these procedures unless otherwise directed by the Court:

      (1)     Any action filed by or on behalf of a convicted prisoner, a pretrial detainee, or any other person confined in a territorial or federal institution challenging the validity or the conditions of confinement;

      (2)     Any action challenging the validity of a criminal conviction or sentence;

      (3)     Eminent domain proceedings; and

      (4)     Actions to enforce out-of-state judgments.

**(b)**     **Scheduling.**

-6-

description of the services in question. If the time descriptions are incomplete, or if such descriptions fail to describe adequately the services rendered, the Court may reduce the award accordingly. For example, time entries for telephone conferences must include an identification of all participants and the reason for the call; entries for legal research must include an identification of the specific issue researched and, if possible, should identify the pleading or document for which the research was necessary; entries describing the preparation of pleadings and other papers must include an identification of the pleading or other document prepared and the activities associated with such preparation.

(B)     Description of Expenses Incurred.  In addition to identifying each requested non-taxable expense, the moving party shall set forth the applicable authority entitling the moving party to such expense and should attach copies of invoices and receipts, if possible.

(3)     Affidavit of Counsel.  The affidavit of counsel shall include:

(A)     a brief description of the relevant qualifications, experience and case-related contributions of each attorney and paralegal for whom fees are claimed, as well as any other factors relevant to establishing the reasonableness of the requested rates;

(B)     a statement that the affiant has reviewed and approved the time and charges set forth in the itemization of work performed and that the time spent and expenses incurred were reasonable and necessary under the circumstances; and

(C)     a statement identifying all adjustments, if any, made in the course of exercising "billing judgment."

(4)     Responsive and Reply Memoranda. Unless otherwise ordered by the Court, any opposing party may file a responsive memorandum within fourteen (14) days after service of the statement of consultation. The responsive memorandum in opposition to a motion for attorney's fees and related non-taxable expenses shall identify with specificity all disputed issues of law and fact, each disputed time entry, and each disputed expense item. The moving party, unless otherwise ordered by the Court, may file a reply memorandum within seven (7) days after service of the responsive memorandum. Thereafter, unless otherwise ordered by the Court, the motion and supporting and opposing memoranda will be taken under advisement and a ruling will be issued without a hearing.

## CVLR 56     Motion for Summary Judgment

(a)     **Motion Requirements.**  A motion for summary judgment shall be accompanied by a

supporting memorandum and separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).

**(b)      Opposition Requirements**. Any party who opposes the motion shall file and serve with their opposing papers a separate document containing a concise statement that:

      (1)      Accepts the facts set forth in the moving party's concise statement; or

      (2)      Sets forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated.

**(c)      Focus of the Concise Statement.**  When preparing the separate concise statement, a party shall reference only the material facts which are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others) and each reference shall contain a citation to a particular affidavit, deposition, or other document which supports the party's interpretation of the material fact.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall only be attached to the concise statement.

The Court discourages the filing of non-relevant portions of any exhibits referenced in the concise statement.  Instead, the filing party shall extract and highlight only the relevant portions of each referenced exhibit.  Photocopies of extracted pages, with appropriate identification and highlighting will be adequate.

**(d)      Format.**  A separate concise statement may utilize a single space format for the presentation of the facts and evidentiary support when set out in parallel columns.  Sample concise statements are attached hereto as Civil Attachments 6 (for movants) and 6.1 (for respondents).

**(e)      Limitation.**  The concise statement shall be no longer than five (5) pages, unless it contains no more than 1500 words.

**(f)      Scope of Judicial Review.**  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the Court record not otherwise referenced in the separate concise statements of the parties.

**(g)      Undisputed Material Facts.**  For purposes of a motion for summary judgment, material facts set forth in the moving party's concise statement will be deemed undisputed unless controverted by a separate concise statement of the opposing party.

-21-

**(h)     Notice to *Pro Se* Litigants re Motions for Summary Judgment.** Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file a separate notice using the Court's preapproved form (Civil Attachment 7) with the full text of Fed. R. Civ. P. 56 and CVLR 56 attached, together with the papers in support of the motion.

Where the *pro se* party is not the plaintiff, the movant shall amend the form notice as necessary to reflect that fact.

## CVLR 58-1     Entry of Judgments and Orders

**(a)**     Orders will be noted in the civil docket immediately after the judge has signed them. The Clerk may require any party obtaining a judgment or order which does not require approval as to form by the judge to supply him with a draft thereof.

**(b)**     No judgment or order, except orders grantable by the Clerk pursuant to authorization by the Court and judgments which the Clerk is authorized by the Federal Rules of Civil Procedure to enter without direction of the Court will be noted in the civil docket until the Clerk has received from the Court a specific direction to enter it. Unless the Court's direction is given to the Clerk in open court and noted in the minutes, it should be evidenced by the signature initials of the judge on the form of judgment or order.

**(c)**     Every order and judgment shall be filed in the Clerk's office, and if the Clerk so requests, a copy shall also be delivered to the Clerk for insertion in the civil order book.

## CVLR 58-2     Settlement of Judgments and Orders by the Court

**(a)**     Except as otherwise ordered by the judge, within seven (7) days after the announcement of the decision of the Court awarding any judgment or order which requires settlement and approval as to form by the judge, the prevailing party shall prepare a draft of the order or judgment embodying the Court's decision and serve a copy thereof upon each party who has appeared in the action and mail or deliver a copy to the judge and to the Clerk. Any party receiving the proposed draft of judgment or order shall within seven (7) days thereafter serve upon all other parties and file a statement of any objection he or she may have to the proposed draft, the reasons therefor, and a substitute proposed draft. Thereafter, the judge shall take such further action as is necessary under the circumstances.

**(b)**     The judgment or order shall be signed or initialed by the judge and shall be delivered to the Clerk to enter it.

**(c)**     Judgments and orders prepared by the Court or Clerk shall be served by the Clerk on all

-22-