DISTRICT COURT OF GUAM

| | |
|---|---|
| SEDFREY M. LINSANGAN,<br><br>       Plaintiff,<br><br>  vs.<br><br>GUAM ELECTION COMMISSION,<br><br>       Defendant. | CIVIL CASE NO. 17-00128<br><br>**REPORT & RECOMMENDATION**<br>re Motion to Dismiss |

Before the court is a Motion to Dismiss[1] filed by the Defendant Guam Election Commission (the "GEC"). *See* ECF No. 4. Although the court scheduled the motion for oral argument, having read the Plaintiff's response and pertinent pleadings, the court, in the exercise of its discretion, finds that oral argument is unnecessary and accordingly vacates the hearing set for April 19, 2018.

## SUMMARY OF COMPLAINT

The Plaintiff filed the instant Complaint on November 30, 2017. *See* Compl., ECF No. 1. The Plaintiff brings this action pursuant to 42 U.S.C. § 1983. *Id.* at ¶II. The Complaint asserts that the GEC violated the Plaintiff's Fourteenth Amendment right and "various provisions of the Bill of Rights contained within the Organic Act of Guam, Sections 1421b(h), 1421b(u), 1421b(n), and 1423d. *Id.* at ¶II.B.

According to the Complaint, the Plaintiff attended a GEC meeting in May 2017. *Id.* at

---

[1] There are also four other motions pending in this case: (1) Plaintiff's Motion for Default Judgment (ECF No. 9); (2) Plaintiff's Motion to Strike the Motion to Dismiss (ECF No. 10); (3) Plaintiff's Motion to Strike the Notice to Pro Se Litigant (ECF No. 11); and (4) Plaintiff's Motion for Preliminary Injunction (ECF No. 15). In light of the court's recommendation herein, there is no need to address these other motions.

¶¶III.A and B. At said meeting, the Plaintiff claims he was informed by the Commissioners and legal counsel that he can not run for Governor if he does not have a team or running mate because Guam law (3 GUAM CODE ANN. §15404(a)) mandates that gubernatorial candidates need to have a running mate in the primary election. *Id.* at ¶II.D. He asserts that the Chairwoman said "they are just following the law" and was told he "would have to see the Legislature." *Id.* at ¶III.A. The Plaintiff also challenges the number of signatures required on the nominating petitions. *Id.* He contends that the requirement is "excessive" and unfair since candidates for other elected offices (such as the Office of the Public Auditor, the Attorney General of Guam and the Consolidated Commission on Utilities) are not required to have nominating petitions. *Id.*

Among other relief sought in the Complaint, the Plaintiff asks the court to order the GEC to accept and certify all Governor and Lt. Governor candidates even without a running mate in the primary election and to reduce the nominating petition requirement for said candidates. *Id.* at ¶V.

**LEGAL STANDARDS**

The GEC challenges this court's subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. "A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996). When ruling on such a motion, the court is not "restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States,* 850 F.2d 558, 560 (9th Cir. 1988).

The court has an obligation, especially in civil rights actions, to construe *pro se* pleading liberally and gives the *pro se* plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th cir. 1985); *see also Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). However, the court's liberal interpretation of a *pro se* complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Generally, if a court dismisses a pro se complaint it should "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**DISCUSSION**

The motion seeks dismissal of the instant action on various grounds, including that the GEC is an improper defendant since it is not a "person" under 42 U.S.C. § 1983 and that the Plaintiff lacks standing to bring the instant action. *See* Mot. to Dismiss at 3-5, ECF No. 4. The court will address each of these arguments below.

2. <u>Section 1983 Requirements</u>

The Plaintiff has invoked this court's jurisdiction by asserting his claims arise under 42 U.S.C. § 1983. The Defendant argues that the GEC is not a "person" under 42 U.S.C. § 1983 and asks that the Complaint be dismissed because the Plaintiff filed his claim against an improper "person." *Id.* at 4.

Section 1983 provides in relevant part:

> every person, who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party in an action at law, suit in equity, or other proper proceeding to redress.

42 U.S.C. § 1983.

Thus, to state a claim under 42 U.S.C. § 1983, at least two elements must be met: (1) the defendant must be a person acting under color of state law; and (2) his conduct must have deprived the plaintiff of rights, privileges or immunities secured by the constitution or the laws of the United States. *See Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

Section 1983 applies to the actions of "persons" acting under color of state law. The GEC is not a "person" for purposes of a Section 1983 civil rights action because it is "an autonomous instrumentality and an independent commission of the government of Guam." 3 GUAM CODE ANN. § 2101(a). It is settled law that Section 1983 does not authorize suits against Guam or its governmental entities, regardless whether the suit seeks damages or prospective relief, because those defendants are not "persons" coming within the meaning of the statute. *Ngiraingas v. Sanchez*, 495 U.S. 182, 191-92 (1990). Accordingly, the court agrees with the GEC and recommends the court dismiss this action without prejudice since the court believes that amendment is not futile. The Plaintiff should be permitted to file an amended complaint to name a proper

defendant under the statute.

3. Standing

The GEC also argues that the Plaintiff lacks standing to bring this action because the Complaint does not allege any actual injury or harm by the GEC, particularly because "there is no clear and unequivocal statement of [the Plaintiff's] intent to run for office." The GEC asserts dismissal is appropriate because "there is no evidence of an imminent injury to trigger the federal court's jurisdiction."

"For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint and must construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 4910, 501 (1975). "[F]ederal courts are required *sua sponte* to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir.1999); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The court has reviewed all the allegations in the Complaint, and even construing said allegations in favor of the Plaintiff, the court can find no claim in the Complaint that the Plaintiff intends to run for elected office. The Plaintiff's intention to seek elected office is set forth in other papers, but not in the Complaint. *See* Plaintiff's Reply to Court Order on Jurisdiction Issue at 4, ECF No. 23 ("Motion for Preliminary Injunction should be granted as soon as possible. This will allow the Plaintiff to run for office.") and Plaintiff's Reply to Defendant['s] Opposition to Plaintiff's Motion for Preliminary Induction at 5, ECF No. 19 ("[p]urpose of the [i]njunction is to allow me [a]nd other people to run for office consistent with all the relief I'm pleading until the final ruling."). Because the allegations in the Complaint have not established that the Plaintiff has standing, the court recommends that the action be dismissed without prejudice and that the Plaintiff be permitted to file an amended complaint that contains allegations that the defendant's actions deprived him of the right to run for elected office and that he intends to run for office in order to satisfy the standing requirement.

///

# CONCLUSION

Based on the above, the court recommends that the Chief Judge grant the Motion to Dismiss because (1) the Plaintiff has named an improper defendant in this Section 1983 action and (2) the Complaint fails to establish the Plaintiff has standing to challenge the election laws at issue here. The court further recommends that the Chief Judge permit the Plaintiff to file an amended complaint to correct these deficiencies since amendment would not be futile.

IT IS SO RECOMMENDED.



**/s/ Joaquin V.E. Manibusan, Jr.**
   **U.S. Magistrate Judge**
**Dated: Apr 19, 2018**

# NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**