# DISTRICT COURT OF GUAM

| | |
|---|---|
| SEDFREY M. LINSANGAN,<br><br>    Plaintiff,<br><br>vs.<br><br>ALICE M. TAIJERON, JADEEN L. TUNCAP,<br>G. PATRICK CIVILLE, JOSEPH P. MAFNAS,<br>JOAQUIN P. PEREZ, MICHAEL J. PEREZ<br>and BENNY A. PINAULA,<br><br>    Defendants. | CIVIL CASE NO. 17-00128<br><br>**REPORT & RECOMMENDATION**<br>to Deny in Part and Grant in Part<br>Defendants' Motion to Dismiss (ECF No. 41) |

Before the court is the Defendants' Motion to Dismiss the Amended Complaint. *See* ECF No. 41. Neither party requested the court schedule the motion for oral argument, and having read the motion and related filings, the court, in the exercise of its discretion, finds that oral argument is unnecessary.

## NATURE OF PLAINTIFF'S ACTION

On November 30, 2017, the Plaintiff filed suit against the Guam Election Commission ("GEC") pursuant to 42 U.S.C. § 1983. *See* Compl. at ¶II, ECF No. 1. The Complaint asserted that the GEC violated the Plaintiff's Fourteenth Amendment right and "various provisions of the Bill of Rights contained within the Organic Act of Guam of 1950. Section 1421b(u), Section 1421b(n), Section 1423d, Section 1421b(h)." *Id.* at ¶II.B.

According to the Complaint, the Plaintiff attended a GEC meeting in May 2017. *Id.* at ¶¶III.A and B. At said meeting, the Plaintiff claims he was informed by the Commissioners and legal counsel that he could not run for Governor if he did not have a team or running mate because

Guam law (3 GUAM CODE ANN. §15404(a)) required that gubernatorial candidates have a running mate in the primary election. *Id.* at ¶II.D. He asserted that the Chairwoman said "they are just following the law" and was told he "would have to see the Legislature." *Id.* at ¶III.A. The Plaintiff also challenged the number of signatures required on the nominating petitions. *Id.* He contended that the requirement was "excessive" and unfair since candidates for other elected offices (such as the Office of the Public Auditor, the Attorney General of Guam and the Consolidated Commission on Utilities) were not required to have nominating petitions. *Id.*

On December 21, 2017, the GEC filed a Motion to Dismiss the Complaint. *See* ECF No. 4. The Plaintiff opposed the motion, but on June 18, 2018, the Chief Judge granted the Motion to Dismiss but permitted the Plaintiff to file an amended complaint to name the appropriate Section 1983 parties and allege facts which establish that his claims are ripe. *See* Order, ECF No. 31.

On June 21, 2018, the Plaintiff filed an Amended Complaint. *See* ECF No. 33. The Amended Complaint is essentially identical to the original Complaint except that (1) the seven members comprising the Guam Election Commission were named as the Defendants, and (2) additional language was handwritten at the end of ¶¶ II.D[1] and V.[2] Among other relief and just as he requested in the original Complaint, the Plaintiff asks the court to order the Defendants to accept and certify all Governor and Lt. Governor candidates even without a running mate in the primary election and to reduce the signatures required on the nominating petitions for said candidates. *Id.* at ¶V.

## LEGAL STANDARDS

The Defendants' Motion to Dismiss is brought pursuant to Rule 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure, arguing that the court lacks subject matter jurisdiction because the Plaintiff has failed to demonstrate his standing and that the Amended Complaint fails to state

---

[1] The additional language handwritten by the Plaintiff was "I informed them that I would like to run for Governor. Defendants['] actions deprived me of my right to run for Governor." Am. Compl. at ¶ II.D.

[2] The added language the Plaintiff wrote was "I pray that the court grant all the relief I'm requesting so that me [sic] and other people could run for elected offices." Am. Compl. at ¶ V.

a claim upon which relief can be granted.

Article III of the Constitution limits federal court jurisdiction to actual "cases" and "controversies." *See* U.S. Const. art. III § 1. To "satisfy the standing requirements imposed by the 'case' or 'controversy' provision of Article III," a plaintiff must show that he has suffered, or will imminently suffer, a "concrete and particularized" injury to a "judicially cognizable interest." *Bennett v. Spear*, 520 U.S. 154, 167 (1997). The plaintiff's injury must be "fairly traceable to the challenged action of the defendant[s]," and it must appear likely that the injury would be prevented or redressed by a favorable decision. *Id.* When determining Article III standing the court must "accept as true all material allegations of the complaint" and "construe the complaint in favor of the complaining party." *Maya v. Centex Corp.*, 658 F.3d 1060, 1068 (9th Cir. 2011) (quoting *Warth v. Seldin*, 422 U.S. 490, 501 (1975)).

A defendant is entitled to dismissal under Rule 12(b)(6) when a complaint fails to state a cognizable legal theory or alleges insufficient facts under a cognizable legal theory. *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013). The Ninth Circuit has explained that the purpose of a Rule 12(b)(6) motion is to test a complaint's legal sufficiency. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 571 (9th Cir. 1963). Generally, the plaintiff's burden at this stage is light since Rule 8(a) requires only that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). The court may dismiss based on lack of cognizable legal theory or on the absence of facts that would support a cognizable theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). And, while the plaintiff's burden is light, it is not nonexistent – the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007) (internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570) (internal quotation marks omitted). A claim

*Sedfrey M. Linsangan v. Alice M. Taijeron, et al.,* , Civil Case No. 17-00128
Report and Recommendation to Deny in Part and Grant in Part Defendants' Motion to Dismiss    page 4 of 10

is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The court must "draw on its judicial experience and common sense" to determine the plausibility of a claim given the specific context of each case. *Id.* at 679.

The court has an obligation, especially in civil rights actions, to construe *pro se* pleading liberally and gives the *pro se* plaintiff the benefit of any doubt. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th cir. 1985); *see also Butler v. Long*, 752 F.3d 1177, 1180 (9th Cir. 2014). However, the court's liberal interpretation of a *pro se* complaint may not supply essential elements of the claim that were not pled. *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Generally, if a court dismisses a pro se complaint it should "grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

**DISCUSSION**

The motion seeks dismissal of the instant action on various grounds, including (1) that the Plaintiff lacks standing, (2) that the Amended Complaint fails to state a claim upon which relief can be granted and (3) the Defendants are not "persons" under Section 1983. The court will address each of these arguments below.

1.   <u>Whether the Plaintiff has established standing</u>

The Defendants challenge the Plaintiff's standing to bring the instant action. The Defendants argue that although the Amended Complaint now states that the Plaintiff informed the Defendants that he "would like to run for Governor," Am. Compl. at ¶ II.D, ECF No. 33, "the desire to do an act does not equate to performing the act or actually carrying through with it." Defs.' Mot. Dismiss at 5,[3] ECF No. 41. The Defendants further contend that the Plaintiff did not take the steps necessary to run as a gubernatorial candidate during the last primary election since he failed to pick up a candidate packet and submit the necessary forms before June 26, 2018. *Id.* The Defendants

---

[3] Page citations to the pending Motion to Dismiss refer to the page number printed at the bottom of each page, not the page number on the CM/ECF-generated footer.

assert that "there was never any follow-through to show that [the Plaintiff] actually intended to run for office" and the "new statement in the Amended Complaint . . . is still not clear and unequivocal evidence of his intent to run for office." *Id.* at 5-6.

The court disagrees with the Defendants. "Article III of the Constitution requires that a plaintiff have standing before a case may be adjudicated." *Covington v. Jefferson Cty.*, 358 F.3d 626, 637 (9th cir. 2004). Standing requires that a plaintiff show (1) an injury in fact that is (a) concrete and particularized and (b) actual or imminent; (2) that the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *Id.* at 637-38 (footnote, citation and internal quotation marks omitted).

As noted above, the court must construe the pleadings of the Plaintiff, a *pro se* filer, liberally and in his favor. Taking the factual allegations as true and reading them in the light most favorable to the Plaintiff, he has standing in this matter. The Amended Complaint states that the Plaintiff "would like to run for Governor" but the Defendants' "actions deprived [him] of [his] right to run for Governor." Am. Compl. at ¶ II.D, ECF No. 33. He requests that the court grant him relief "so that [he] and other people could run for elected offices." *Id.* at 6. Reading the Plaintiff's handwritten statements liberally, the court finds that the Amended Complaint establishes that (1) the Plaintiff wanted to run as a gubernatorial candidate, (2) he was told by the Defendants that he needed a running mate, and (3) his access to the primary election ballot was blocked as a result. His alleged injury is concrete and particularized, not hypothetical as the Defendants claim, and is traceable to the challenged actions of the Defendants.

The Defendants next argue that the Plaintiff has not established standing because his alleged injury is not likely to be redressed by a favorable court decision. The Defendants assert that they were "merely carrying out and enforcing the election laws set in place by [the] U.S. Congress and Guam's Legislature." Defs.' Mot. Dismiss at 6, ECF No. 41. The Defendants contend that even if the court were to rule in the Plaintiff's favor after trial, the court cannot direct the Defendants to change Guam's election laws or force them to break the laws. *Id.* The Defendants argue that any ruling by the court will not provide the Plaintiff with substantial and meaningful relief unless the

United States and the Government of Guam are named as Defendants.

The court again disagrees with the Defendants. The Plaintiff's alleged injury can be redressed by a favorable court decision. As the Plaintiff notes in his Opposition and the Defendants themselves concede, this court "has the authority to find laws unconstitutional when they run afoul of the provisions and protections of the Constitution. Defs.' Reply Br. at 6, ECF No. 43. If the court were to strike down the provisions of Guam law that the Plaintiff challenges, then certainly the Plaintiff will receive meaningful relief because he will no longer be required to have a running mate to run for as a gubernatorial candidate in the primary election, nor will he be required to obtain the minimum 500 signatures on the nominating petition.

Therefore, insofar as the Defendants' Motion to Dismiss seeks dismissal of the instant action for lack of standing, the court recommends the Chief Judge deny the motion.

2.  Whether the Amended Complaint states a claim upon which relief can be granted

Liberally construed, the Amended Complaint appears to assert that the Defendants have restricted the Plaintiff's access to be placed on the primary election ballot because (1) he was told he could not run for governor if he did not have a running mate and (2) he is required to obtain 500 signatures on the nominating petition, but the Plaintiff asserts this is "excessive." The court will address these claims separately.

A.  Requirement for running mate

It is not clear to the court whether the Plaintiff's Section 1983 claim is premised on a potential violation of the Fourteenth Amendment Due Process Clause or the Equal Protection Clause so the court will address both in its analysis.

"To state a substantive due process claim, the plaintiff must show as a threshold matter that a state actor deprived [him] of a constitutionally protected life, liberty or property interest." *Shanks v. Dressel,* 540 F.3d. 1082, 1087 (9th Cir. 2008). The Plaintiff asserts that the Defendants' reliance on Guam law (3 GUAM CODE ANN. §15404(a)) prohibited him from running for office.

Despite the Plaintiff's claims, there is no "fundamental right to run for public office," *Lindsay v. Brown*, 750 F.3d 1061, 1064 (9th Cir. 2014) (quoting *NAACP v. Jones*, 131 F.3d 1317, 1324 (9th Cir. 1997)), nor is there a cognizable liberty interest in pursuing or obtaining an elected

position. *Snowden v. Hughes*, 321 U.S. 1, 7 (1944) ("More than forty years ago this Court determined that an unlawful denial by state action of a right to state political office is not a denial of a right of property or of liberty secured by the due process clause . . . . [W]e reaffirm it now."). Accordingly, to the extent that the Plaintiff's Section 1983 claim is premised on a due process violation in relation to his disqualification from candidacy because of the lack of a running mate, the court recommends that said claim be dismissed without leave to amend since he has not stated a legally cognizable claim under the Due Process Clause of the Fourteenth Amendment.

The court next discusses whether the requirement to have a running mate in order to run for governor in the primary election violates the Equal Protection Clause. The Supreme Court has explained that "'[t]he purpose of the equal protection clause of the Fourteenth Amendment is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its improper execution through duly constituted agents.'" *Sioux City Bridge Co. v. Dakota County*, 260 U.S. 441,445 (quoting *Sunday Lake Iron Co. v. Township of Wakefield*, 247 U.S. 350, 352 (1918)).

An equal protection claim may be established in two ways. First, a plaintiff may show that the defendant intentionally discriminated against the plaintiff on the basis of the plaintiff's membership in a protected class, such as race. *See e.g., Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005); *Lee v. City of L.A.*, 250 F.3d 668, 686 (9th Cir.2001). Alternatively, an equal protection claim may be established if the plaintiff alleges that: "(1) he is a member of an identifiable class; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

Here, the Plaintiff does not allege that he is a member of a protected class, nor does he allege that he is a member of an identifiable class. And, as noted by the Defendants, the bare conclusory assertions in the Amended Complaint, without any other factual allegations, does not establish that the Defendants intentionally discriminated against the Plaintiff or treated him differently from others who sought to run for governor without a running mate. There simply is no allegation of purposeful discrimination on the part of the Defendants. Accordingly, the court recommends that

to the extent that the Plaintiff asserts an equal protection claim, that said claim be dismissed without prejudice. The court recommends the Chief Judge allow the Plaintiff to file a second amended complaint to cure the deficiencies noted above since it is not absolutely clear that the amendment would not be futile.

### B. Requirement for 500 signatures on nominating petition

Plaintiff appears to claim that the signature requirement is a violation of his equal protection rights under the Fourteenth Amendment. Unfortunately, this claim suffers several of the same deficiencies identified above with regard to the Plaintiff's purported equal protection claim in relation to the need for a running mate. The Amended Complaint does not allege that the Plaintiff is a member of a protected class or a member of an identifiable class. The Amended Complaint also contains no allegation of purposeful discrimination on the part of the Defendants against the Plaintiff in requiring that he obtain 500 signatures. Finally, although the Amended Complaint asserts that this requirement is "excessive," the Plaintiff fails to include any relevant facts or legal authority to support his conclusion that 500 signatures is excessive or whether he even attempted to comply with the requirement. The fact that California or other states may require less signatures on a nominating petition or that candidates for other political offices on Guam, such as senators or mayors, need less signatures on the nominating petitions does not, standing alone, establish that the government of Guam has no rational basis for the difference in treatment.

As the Supreme Court has recognized, some state regulation that affects political parties serves a compelling interest in protecting "the integrity of the electoral process." *Rosario v. Rockefeller*, 410 U.S. 752, 761. "[A]s a practical matter, there must be a substantial regulation of elections if they are to be fair and honest and if some sort of order, rather than chaos, is to accompany the democratic processes." *Storer v. Brown*, 415 U.S. 724, 730 (1974). Thus, a state may restrict access to the ballot. *See Bullock v. Carter*, 405 U.S. 134, 145 (1972) (a state "has a legitimate interest in regulating the number of candidates on the ballot"). The Court has upheld a requirement that independent candidates be required to present nominating petitions that demonstrate "a significant modicum of [electoral] support." *Jenness v. Fortson*, 403 U.S. 431, 442 (1971).

Despite the Supreme Court's rulings, the court believes it is premature to conclude that the Plaintiff can not assert additional facts to cure the deficiencies identified by the court. Accordingly, the court recommends that this claim be dismissed with leave to amend.

3.    Whether Defendants are "persons" under Section 1983

Finally, the Defendants argue that the action should be dismissed because the Defendants are not "persons" under 42 U.S.C. § 1983. Defs.' Mot. Dismiss at 11, ECF No. 41. Specifically, the Defendants cite to the case of *Ngirangas v. Sanchez*, 495 U.S. 182 (1990). There, the Supreme Court held that "neither the Territory of Guam nor its officers acting in their official capacities are 'persons' under § 1983." *Id.* at 192.

Despite the *Ngirangas* holding, the Ninth Circuit in *Guam Society of Obstetricians & Gynaecologists v. Ada* held that a Guam officer sued in his official capacity is a "person" within the meaning of Section 1983 when sued for prospective relief. 962 F.2d 1366, 1370 (9th Cir. 1992). The Ninth Circuit reaffirmed this holding in *Paeste v. Government of Guam*, 798 F.3d 1228, 1237 (9th Cir. 2015). The Ninth Circuit distinguished *Ngirangas* by noting that the plaintiffs in that case were suing Guam and several Guam officials in their official capacities for damages. In *Ada* and *Paeste*, however, the plaintiffs were seeking prospective injunctive relief.

In this case, the Plaintiff seeks declaratory and injunctive relief. Based on *Ada* and *Paeste*, the Defendants in their official capacities are "persons" within the meaning of Section 1983. Accordingly, insofar as the Defendants' Motion to Dismiss seeks dismissal of the instant action because the Defendants are not "persons" under Section 1983, the court recommends the Chief Judge deny the motion.[4]

**CONCLUSION**

Based on the above, the court recommends that the Chief Judge grant in part and deny in part the Motion to Dismiss. The motion should be denied in part because the Plaintiff has demonstrated standing to challenge the election laws at issue here and because the Defendants are persons within the meaning of Section 1983 for purposes of the declaratory and injunctive relief

---

[4] To the extent that the Amended Complaint seeks an award of damages against the Defendants, then such relief is barred by *Ngirangas*.

sought by the Plaintiff. As to whether the Amended Complaint should be dismissed because it fails to state a claim upon which relief can be granted, the court recommends the Chief Judge grant the motion in part and deny it in part as follows: (1) dismiss with prejudice the Plaintiff's claim of a violation of the Due Process Clause of the Fourteenth Amendment and (2) dismiss without prejudice the Plaintiff's claims that the Defendants violated his Equal Protection Clause rights under the Fourteenth Amendment.

IT IS SO RECOMMENDED.



**/s/ Joaquin V.E. Manibusan, Jr.**
**U.S. Magistrate Judge**
**Dated: Apr 12, 2019**

## NOTICE

**Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).**